Raymond G. **CAHILL**, Plaintiff-Appellee,

v.

The **NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY**, Defendant-Appellant.

No. 396, Docket 23559.

United States Court of Appeals Second Circuit.

Submitted Aug. 9, 1956.

Decided Aug. 22, 1956.

---

William T. Griffin and Herbert Burstein, New York City, for defendant-appellant.

Randolph J. Seifert, New York City, for plaintiff-appellee; Harry Kalman, New York City, and William A. Blank, Brooklyn, of counsel.

Before HAND, SWAN and FRANK, Circuit Judges.

PER CURIAM.

When this case was first before us, judgment for the plaintiff was reversed, by a divided court, on a ground which rendered unnecessary decision of an alleged error in the admission of evidence of prior accidents.[1] Our judgment was reversed by the Supreme Court, 350 U.S. 898, 76 S.Ct. 180, and by subsequent order the case was remanded to us for determination of the alleged evidentiary error. 351 U.S. 183, 76 S.Ct. 758. Additional briefs have been filed by the parties.

The prior accidents, nine in number, were listed in defendant's answer to plaintiff's 27th interrogatory. Each accident was described merely as a collision between a train and a motor vehicle at substantially the same place where plaintiff was injured, i. e., near the intersection of Forbes Avenue and Waterfront Avenue. The collisions occurred during a period from January 4, 1946 to February 9, 1953. In none of them does it appear that any railroad employee or other person sustained injuries. The defendant argues that since these collisions were not shown to have been caused in a manner similar to the plaintiff's accident they were not relevant. The list of them was admitted for the sole purpose of supporting the plaintiff's claim that the Railroad knew or reasonably ought to have known that the particular location was an unsafe place to put him to work because of his inexperience and the claimed inadequacy of instructions given him as to his duties. For this limited purpose we think the list of prior accidents was admissible. District of Columbia v. Arms, 107 U.S. 519, 524, 2 S.Ct. 840, 27 L.Ed. 618; cited with approval in Mr. Justice Black's dissenting opinion in the instant case, 351 U.S. 183, 189–190, 76 S.Ct. 158; Plough v. Baltimore & O. R. Co., 2 Cir., 164 F.2d 254, 256, certiorari denied 333 U.S. 861, 68 S.Ct. 740, 92 L.Ed. 1140; Baltimore & O. R. Co. v. Felgenhauer, 8 Cir., 168 F.2d 12, 17. In any event, admission of the evidence, if assumed to be erroneous, was not so prejudicial as to justify reversal, for Palmer and Horan, employees long in defendant's service, had testified without objection that collisions between a train and vehicular traffic on Forbes Avenue had occurred from time to time, and Horan had expressly stated that flagmen had been killed out there.

Judgment affirmed.

---

1. Cahill v. New York, New Haven & Hartford R. Co., 2 Cir., 224 F.2d 637.