Joseph **LORENSEN**, Plaintiff-Appellee,

v.

**SINCLAIR REFINING COMPANY**, Defendant-Appellant.

No. 22, Docket 25507.

United States Court of Appeals Second Circuit.

Argued Oct. 15, 1959.

Decided Nov. 4, 1959.

and suffering, the trial court did not find it excessive and there is no ground for us to interfere. The judge did not err in admitting in evidence the hospital records containing a history of treatment and including a statement from the plaintiff as to how the injury occurred, Terrasi v. South Atlantic Lines, 2 Cir., 226 F.2d 823, certiorari denied 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 855; Tucker v. Loew's Theatre & Realty Corp., 2 Cir., 149 F.2d 677; moreover, the statement appears to be quite colorless against the facts otherwise proven. The evidence, including the hospital records, also shows outpatient treatment supporting the award of maintenance. Moyle v. National Petroleum Transport Corp., 2 Cir., 150 F.2d 840.

Affirmed.

Arthur M. Boal, Jr., of Tompkins, Boal & McQuade, New York City (Arthur M. Boal, of Tompkins, Boal & McQuade, New York City, on the brief), for defendant-appellant.

Nathan Greenberg, New York City (Arthur Sheehan, New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and J. JOSEPH SMITH, District Judge.

PER CURIAM.

On this appeal in an action under the Jones Act, the evidence of record was adequate to show an injury to plaintiff's foot from slipping on oil on a ladder in the engine room of defendant's tanker while at sea; it also showed suffering from burns incurred in the medical treatment had as a consequence of the injury. While the resulting verdict was substantial in its allowance for pain