No. 18,829.

ROY B. DOWELL *v.* GERALD A. SCHISLER, ET AL.

(354 P. [2d] 152)

Decided July 11, 1960.   Rehearing denied August 15, 1960.

Messrs. HARRISON & LONG, Mr. MARTIN P. MILLER, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THE parties will be referred to herein as they appeared in the trial court where plaintiff in error was plaintiff and defendants in error Gerald A. Schisler and City and County of Denver were defendants.

The sole question to be determined is whether plaintiff, who was injured in an automobile accident when his car was struck by that of police officer Schisler, gave the necessary and proper notice of his claim against the defendant City and County of Denver, as required by Article VIII, Section 158 of the Denver Charter.

The Charter provision states:

"Before the city and county shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks or other public places of the City and County, the person so injured or someone on his behalf shall, within sixty days after receiving such injuries, give the Mayor notice in writing of such injuries, stating fully in such notice, when, where and how the injuries occurred *and the extent thereof.*" (Emphasis supplied.)

It is admitted that the accident took place; that Schisler was a duly employed police officer of the city; that the notice in question was filed within the sixty day period required. The dispute centers on whether plaintiff complied with the wording of the Charter which requires a statement of "the extent" of the injuries.

Following the accident in question it appears that

plaintiff was taken in a police vehicle to the city hospital where he was examined and released. Following this, and within the sixty day period, the plaintiff contacted the city attorney's office about filing a claim and was advised to make out and forward a notice of injury as required by the charter. He alleges that he followed the instructions completely and that it was a member of the city attorney's staff who requested that the plaintiff enumerate his damages as then known. His claim, as received by the city, was as follows:

"May 28, 1956

"The Honorable Will F. Nicholson
 Mayor of City and County of Denver
 City & County Building
 Denver, Colorado

"Dear Mayor Nicholson:

"Your Honor, on April 25, 1956, at 6:45 A.M. I, Roy B. Dowell was involved in an accident with Patrolman Gerald A. Schisler, 1192 So. Alcott Street, Police Car License No. G-1209.

"While stopped waiting for the signal light to change at 46th & York, the Police Car ran into my car from the rear and did considerable damage amounting to $190.00 to my car. I have a medical bill for X-ray expenses and Doctor bill to the amount of $38.00 and I also lost seven days of work at the rate of $17.12 per day.

"My brother Sanford J. Dowell, 3725 St. Paul Street was a passenger in my car. He also had injuries.

"I am claiming these damages totaling $347.84.

"Respectfully yours,
Roy B. Dowell
3325 Cook Street
Denver, Colorado"

It appears that some months after this notice was filed the plaintiff determined the extent of his physical

injuries through his doctors and allegedly found them to be serious.

The trial court denied the plaintiff the right to prove his damages other than set forth in the notice, totalling $347.84. During the pretrial conference the trial court granted defendants' motion to strike from plaintiff's complaint all allegations of damages and injuries not specifically shown in the notice of claim. The defendants joined with this motion an affidavit to confess judgment in the exact amount stated in the notice to the Mayor, namely, $347.84. The trial court granted the motion of the city to strike and proceeded to enter judgment for the $347.84 plus costs, all over the objection of the plaintiff's counsel.

As above stated the sole question to be determined here is whether the notice itself was sufficient to comply with the charter provision. We conclude that it was.

In *Denver v. Taylor* (1930), 88 Colo. 89, 292 Pac. 594, in a concurring opinion Mr. Justice Butler discussed the question of notice when the injured party is unable to give notice due to physical inability to act, and citing *Terrell v. Washington,* 158 N.C. 281, 299, 735 E. 888, stated:

"If compliance with the condition is rendered temporarily impossible by the wrongful act of the defendant, it would be monstrous to allow the defendant to assert that fact as a defense to the action."

We can see little, if any, difference between the situation in *Terrell* and where one is unable to itemize his physical injuries because they are not yet known.

In *Fisher v. Denver* (1950), 123 Colo. 158, 225 P. (2d) 828, we stated:

"It may be said that the purpose of requiring notice of injuries, as provided in Section 158 (of Denver City Charter), supra, is twofold: First, in order that the defendant may have full opportunity of investigating: the scene of the accident; the alleged cause thereof; the extent of the injuries; the correction of defective condi-

tions, if such exist, so as to avoid dissipation of the City's assets in payment of claims alleged due to the City's negligence; and, second, so that the City, having had a full opportunity of investigation, may determine therefrom its liability and settle the same without incurring needless expense of litigation."

In *City of Pueblo v. Bobbett* (1910), 47 Colo. 596, at 597, 108 Pac. 175, the court stated concerning a "Notice Statute":

"The statute does not excuse inaccuracy in stating the time, place or cause of the injury, if the intention in giving an inaccurate statement was to mislead, nor if the inaccuracy does in fact mislead the city council; but if the inaccuracy was made through an honest mistake or inadvertence, and the city council was not in fact misled thereby, then the statute does excuse the inaccurate statement."

The *Pueblo* case, supra, was referring to C.R.S. '53, 139-35-1, which provides in pertinent part:

"But the notice given under the provisions of this act shall not be deemed invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of injury provided it is shown that there was no intention to mislead, and that the City Council and Board of Trustees was, in fact, not misled thereby."

■ To hold that under the facts of this case the city having had not only formal notice, except as to the then unknown extent of the physical injuries, but ample opportunity to thoroughly and fully investigate the accident, that the charter provision in question has been violated and plaintiff left "out in the cold" would indeed be a travesty on justice. The essential requirement of the charter provision is that notice be given to the end that the city may immediately investigate the accident before the evidence is dissipated and the witnesses have departed. Secondly, notice having been given, the city is enabled, as stated in *Fisher,* supra, to correct any defective conditions, if such exist, so that further claims

may be avoided, and of course the city is also enabled to determine its liability when the final damages are known, and possibly can settle claims without incurring needless expense of litigation.

Where a claimant, such as this plaintiff, does not or cannot know the full extent of his injuries within the sixty day period provided by the charter for giving notice, he is not precluded from showing that his injuries were more extensive than known at the time of giving notice, and after having first alerted the city to investigate the accident within the required sixty day period he has done all that he is required to do under the charter. The trial court erred as a matter of law in determining that plaintiff could not proceed with his action below except upon the basis of the judgment confessed by the city.

The judgment is reversed and the cause remanded with directions to try the matter upon its merits.

Mr. Justice Frantz concurs in the result only.

Mr. Justice Knauss, Mr. Justice Hall and Mr. Justice Day dissent.

Mr. Justice Knauss dissenting.

I respectfully dissent. What we have here is a demand by plaintiff filed with the city, asking for reimbursement in the amount of $347.84. This statement of claim is itemized and nowhere is there an intimation that plaintiff suffered personal injuries as a result of the collision. On the contrary, after X-rays and an examination by a physician, it would appear that no personal injuries were sustained by plaintiff. What evidence is there in this record to show "any apparent injuries suffered by Dowell" as stated in the opinion? Not a word is stated in the claim about personal injuries as required by Section 158, Art. VIII of the Denver charter. The opinion disregards entirely the mandatory language in

this charter provision which requires a statement showing "the extent thereof" as related to personal injuries.

Plaintiff filed a demand for a specified sum which the city is willing to pay, and then comes into court demanding some $50,000 for alleged personal injuries. He need only have stated in his notice that he sustained personal injuries and that the nature and extent thereof were not known at the time he filed his demand.

I, therefore, dissent.

MR. JUSTICE HALL and MR. JUSTICE DAY concur in this dissent.