No. 20407.

J. C. PENNEY COMPANY, ET AL., *v.* JEWELL W. BROWN.

(393 P.2d 575)

Decided June 29, 1964.     Rehearing denied July 20, 1964.

Messrs. WOOD, RIS & HAMES, for plaintiffs in error.

Mr. GEORGE T. ASHEN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff. The action was brought to recover damages for personal injuries allegedly sustained by plaintiff in an automobile accident which occurred June 1, 1960.

The case came on for trial March 26, 1962, at which time counsel for defendants, before a jury was impanelled, admitted liability and the cause proceeded to trial to a jury for the determination of the amount of damages sustained by plaintiff. The jury returned a verdict in favor of plaintiff in the amount of $100,918.63. Judgment entered on the verdict and motion for new trial was filed and denied by the trial court.

The grounds for reversal of the judgment are presented by defendants under six separate captions, in one of which it is urged that the trial court erred in giving to the jury Instruction No. 8 regarding the measure of damages. Said instruction reads as follows:

"You are further instructed that if you find that the plaintiff is entitled to recover and has established by a preponderance of the evidence that he will necessarily endure in the future physical and mental pain and suffering resulting from said injuries, or that he had lost any earnings prior to the trial of this case or that he will lose any earnings in the future; then and in that event you may take into consideration those of the above items which have been so established by the evidence, insofar as they have been so established."

To the giving of this instruction counsel for defendants made the following objections:

"We object to the giving of Instruction No. 8, which advises the jury as to the measure of damages in this case, for the reason that paragraph 3, of the instruction, permits the jury to award damages for any loss of earnings. Our reason for objecting to this instruction is simply that there is no evidence in the record that the plaintiff has lost any earnings in the past, or that he

will in the future sustain any loss of earnings, so this is not based on any evidence presented in this case."

We have carefully examined the testimony introduced upon the trial of this case and are unable to find anything in the evidence on which the jury could base an award of damages for any loss of earnings which the plaintiff might sustain in the future. Actually the evidence discloses that plaintiff earned more money after the accident than he had earned prior thereto. Before an award of damages for future earnings can be sustained there must be some evidence in the record upon which such an award can be based.

In *The Diamond Rubber Company, et al., v. Harryman,* 41 Colo. 415, 92 Pac. 922, this court said, inter alia:

"Plaintiff resumed work about the first of September subsequent to his injury. There was testimony to the effect that he was lame at this time; that he had to use a cane; that he could not get in and out of a buggy which he used in visiting customers as readily as before, and that he employed a boy to assist him; but there is no testimony as to what he earned under these conditions. For all that appears from the record, he may have earned as much during this period as during a similar period previous to his injury; so that the damages resulting from his inability to labor after he resumed work were entirely a matter of speculation; and as the jury were advised that in estimating his damages they could take into consideration loss of his probable earnings while he was unable to work, and his decreased ability to earn money in the future, without any proper basis upon which to estimate such damages, the court not only erred in instructing the jury on the subject, but also committed error in not giving the instructions requested by the defendant."

The *Harryman* case was cited with approval on this point in *Pawnee Farmers Elevator and Supply Co. v. Powell,* 76 Colo. 1, 227 Pac. 836.

The verdict which the jury returned in the

instant case is for a very substantial amount of money, and counsel for plaintiffs in error strenuously argue that it is grossly excessive. Conceivably the jury could have included in the amount of its verdict a substantial sum for loss of earnings for which there was no support in the evidence. We cannot say that the error of the court in permitting the jury, under Instruction No. 8, to speculate upon the loss of future earnings, did not prejudicially affect the rights of the defendants.

The judgment is reversed and the cause remanded for a new trial on the sole question of damages sustained by the plaintiff.