Clarence D. GAUSSEN, Plaintiff-Appellee,

v.

UNITED FRUIT COMPANY, Defendant-Appellant.

No. 421, Docket 33034.

United States Court of Appeals Second Circuit.

Argued March 10, 1969.

Decided May 28, 1969.

Walter L. Hopkins, New York City, (Fuller, Hopkins, Lawton & Taussig, New York City, on the brief), for defendant-appellant.

Donald S. Sherwood, New York City, (Kenneth Heller, New York City, on the brief), for plaintiff-appellee.

Before MOORE, KAUFMAN and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

Plaintiff-appellee, Clarence Gaussen (Gaussen), a seaman, was awarded by jury verdict a judgment against defendant-appellant, United Fruit Company (United Fruit), for injuries allegedly sustained aboard a vessel owned by United Fruit. Contending that the district court committed error (1) in denying its motion for a directed verdict in its favor; (2) for judgment notwithstanding the verdict; (3) for a new trial because the verdict was a miscarriage of justice; and (4) because of prejudicial errors in the exclusion of certain items of evidence, United Fruit appeals.

The first three points have been considered and are rejected because although the trial court found "defendant's contrary evidence overwhelmingly convincing," it quite properly ruled that resolution of the facts was a jury function. Therefore, the only question open for consideration is: were items of evidence which might have been persuasive to a jury in reaching its determination kept from it by exclusionary rulings?

United Fruit argues that four items material to a factual determination were excluded:

1. The United States Public Health Service Hospital (USPHS) Record.

2. Captain Nielsen's letter reporting the injury.

3. The accident report.

4. Dr. Swaby's Answer to the sixth written interrogatory.

1. *The Hospital Record*

The Staten Island (USPHS) hospital record of November 13, 1963 referred to the patient "who fell on a ladder" and under date of November 21, 1963 who "slipped on stairs" (Exh. H *id.*). Gaussen had admitted that he had given to the "people" at the hospital a true account of how he had hurt himself.

The trial court excluded this report partially on the ground that United Fruit had presented no evidence as to the identity or competency of the maker, and additionally on the ground that it was cumulative, in that "the defense was able to bring out other evidence of conflicting versions by Gaussen of how his accident occurred." However, it is clear that under the Business Records Act, 28 U.S.C. § 1732, circumstances relating to the maker of the record are relevant only to the weight of the evidence, not to its admissibility. United States v. Re, 336 F.2d 306, 313 (2d Cir.), *cert. denied*, 379 U.S. 904, 85 S.Ct. 188, 13 L. Ed.2d 177 (1964). Additionally, Gaussen waived the right to object to the admission of certified hospital records on grounds of authenticity in a pre-trial stipulation. And the rule seems well established in this circuit that hospital records including statements by the patient as to how his injury occurred are admissible as business records. E. g., Lorensen v. Sinclair Refining Co., 271

F.2d 528, 529 (2d Cir.1959( (*per curiam*); Terrasi v. South Atlantic Lines, 226 F.2d 823 (2d Cir.1955), *cert. denied* 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 855 (1956). Moreover, by the exclusion of this record the defense was foreclosed from making an argument to the jury that Gaussen, some time after the accident and presumably in full possession of his faculties and with an opportunity for reflection as to the cause, had described it as a ladder fall or a slipping on stairs. The jury might well have given weight to this report.

### 2. *Captain Nielsen's Letter*

This letter was in the nature of an accident report, made on November 7, 1963, from the Captain to United Fruit's Marine Superintendent two days after the accident. The portions of the report which the defense obviously wished to bring out are "Upon investigating, it was found that Gaussen, very much intoxicated, was in his bunk and had apparently been injured. * * * Gaussen said that he does not know where or when he received the injury." (Exh. E *id.*)

█ The trial court regarded this report as "obvious hearsay" and in any event only similar to testimony from the Chief Mate. We believe that the admissibility of such a report depends upon whether it was made in the regular course of appellant's business and is based upon information transmitted in such regular course by a person with knowledge, and whether the circumstances otherwise indicate the trustworthiness, or lack of it, of the report, determinations the trial judge is in the best position to make. Cf. Preliminary draft of Proposed Rules of Evidence for the United States District Courts, pp. 188–90. However, we note that this report is of a type which we held admissible in United States v. New York Foreign Trade Zone Operators, Inc., 304 F.2d 792 (2d Cir.1962). Of course, if this report were admitted after applying these criteria, the weight to be attributed to it would be for jury determination.

### 3. *The Accident Report*

This report dated "Nov. 5, 1963" and signed by the Chief Engineer contained a printed item "Area of claimed accident and equipment inspected by" opposite which was typed "Area Unknown." Appellant argues that the absence thereon of any statement or signature by Gaussen in the portion of the report printed for this purpose was or might have been indicative of Gaussen's intoxication. Whether this argument will have any weight with the jury is not for present speculation. The failure to produce the Chief Engineer was not a sufficient ground for exclusion in view of the pretrial order but again its weight is for the jury. The admissibility of this report should be governed by the same principles as item 2.

### 4. *Exclusion of Dr. Swaby's Testimony (Sixth Interrogatory)*

█ Dr. Swaby was the Kingston, Jamaica doctor who treated Gaussen. From a defense viewpoint, the answer is important because it discloses that two statements were made by Gaussen to him (Dr. Swaby) at "bedside"—first, "On admission to hospital Gaussen stated that he did not know how he had fallen" and second, "Later during his stay in hospital he stated that on the morning of the accident he had started down a ladder from between decks, twisted his ankle and fell striking his right shoulder."

The trial judge in dealing with appellant's post-trial motions believed that this testimony was substantially the same as contained in a report (Exh. G) dated November 11, 1963 on a stationery of "United Fruit Jamaica Company" entitled "Medical Department" which contained a medical analysis and a paragraph "History as Elicited from Patient."

Again the testimony and the report both deal with Gaussen's version of the accident but who is to say what weight the jury might have attributed to these two "bedside" statements from the person who should have possessed the

greatest knowledge of the cause of his accident?

Because of the exclusions of items 1 and 4, we believe that the interests of justice are best served by directing a new trial. The admissibility of items 2 and 3 should be governed by the discussion above.

Reversed and new trial directed.

IRVING R. KAUFMAN, Circuit Judge (concurring):

Although I am in accord with the conclusion that the trial court's erroneous exclusion of items one and four of evidence requires our reversal, I cannot agree with the majority's treatment of the admissibility of Captain Nielsen's letter to United Fruit and United Fruit's accident report. The statute by which this issue is governed, 28 U.S.C. § 1732,[1] requires that in order for a document to be admissible as a business record it must be made "in the regular course of business." The Supreme Court has interpreted this term to mean that the report must be prepared "for the systematic conduct of the business as a business." Palmer v. Hoffman, 318 U.S. 109, 113, 63 S.Ct. 477, 480, 87 L.Ed. 645 (1943). Captain Nielsen's letter and the Company's accident report were obviously not prepared for this purpose, and are in fact the very type of evidence held inadmissible in *Palmer* because likely to have been prepared with a view toward future litigation and thus inherently untrustworthy. Moreover, these reports are clearly not of the character held admissible in United States v. New York Foreign Trade Zone Operators, Inc., 304 F.2d 792 (2d Cir.1962). In that case we held the accident report admissible precisely because the injured

employee's only claim against his employer (the government) was based on a statutorily fixed compensation payable to him regardless of fault, thus eliminating any probability that the report had been prepared with a view toward future litigation in an action based on negligence. Accordingly, I believe the trial court was entirely correct in excluding these items.

1. The Preliminary Draft of Proposed Rules of Evidence for the United States District Courts relied upon by the majority is exactly what it is described to be. It has not been adopted by the Supreme Court. The letter of transmittal preceding the Draft Rules solicits suggestions from the Bench and Bar by April 1, 1970, and emphasizes that the Draft has not yet been submitted to or considered by the Judicial Conference or the Supreme Court. It concludes by stating: "it should be understood that the Court is in no way committed to [the Draft] and has not given it any consideration." Since the Proposed Draft does depart so radically from the current law, I do not believe it appropriate for us to rely upon it at this time.