Walter **LINDHEIMER**,
Plaintiff-Appellant.

v.

**UNITED FRUIT COMPANY**,
Defendant-Appellee.

No. 20, Docket 32468.

United States Court of Appeals
Second Circuit.

Argued Sept. 11, 1969.

Decided Nov. 20, 1969.

Charles Sovel, New York City (Abraham E. Freedman, New York City, on the brief), for plaintiff-appellant.

William M. Kimball, New York City (Burlingham, Underwood, Wright, White & Lord, New York City), for defendant-appellee.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Plaintiff appeals from judgment on a jury verdict for the defendant before Judge MacMahon in the United States District Court for the Southern District of New York. The action was brought by the plaintiff, a seaman, to recover damages for personal injuries brought under the general maritime law, and the Jones Act, 46 U.S.C. § 688. We find no error and affirm the judgment.

The plaintiff was an engine utility on a ship owned and operated by the defendant and claimed he was injured on board the ship during a fire drill when a canvas fire hose burst causing a jet of water under high pressure to hit him. As a result he claimed he was forced by the water across the vessel's deck thereby twisting and injuring his back. The plaintiff further testified that he later reported the accident to the chief mate at a safety committee meeting held after the fire and boat drill and that at the end of the voyage he sought medical attention and eventually underwent surgery on his back. Defendant disputed the occurrence, denying that any fire hose broke or that the plaintiff reported any such accident. The chief mate's testimony in the form of a deposition read into the record was used for the defense; it was also used to introduce records into evidence.

It is those two records admitted into evidence that constitute the grounds for this appeal by plaintiff. The defendant asserts that the records were admissible and further contends that even if the records were erroneously allowed into evidence such admission was harmless error since the records were only part of cumulative evidence.

The two records allowed into the record were a report of the safety committee meeting which contained the statement "There were no accidents reported by Department Heads this Voyage" and the deck logbook which contained an entry by the chief mate after the fire and boat drill that all equipment was "in good working order and as required by law." Plaintiff objected to the admission of both records.

The objection to the safety committee report seems to be based in part on a claim that it was the captain's entry, without personal knowledge. But the court could find from the evidence that the purser had made the entry in the usual course of business, as it was his duty to do, and the captain merely endorsed it. Even if it be the captain's, if he made it in regular course of business on a report from a subordinate, it would still be admissible, and the lack of personal knowledge would go only to its weight. Gaussen v. United Fruit Co., 412 F.2d 72, 73 (2d Cir. 1969); United States v. New York Foreign Trade Zone Operators, 304 F.2d 792 (2d Cir. 1962). A more serious objection is that as in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), it was made for litigation rather than operation, but we think this not established. There was evidence as to the purpose of the safety meetings and the practice with respect to safety committee minutes. R. 12a–14a, deposition of Zahniser. The prime purpose of the safety committee is the promotion of adherence to careful practices rather than litigation of past accident claims.

We have in a number of cases permitted the use of an accident report prepared by the party offering it, rather than a "neutral third party," Gaussen v. United Fruit Co., supra; United States v. New York Foreign Trade Zone Operators, supra; Taylor v. Baltimore & O. R.R., 344 F.2d 281 (2d Cir. 1965); Keohane v. New York Central R. R., 418 F.2d

478, at p. 482 (2d Cir. Nov. 10, 1969). The test which has evolved from Palmer v. Hoffman is not simply the presence of motive to falsify on the part of the entrant, but whether the motive to falsify is sufficiently checked by other factors, such as the purpose and practice of the safety meetings testified to here.

Moreover, there is a non-hearsay aspect of the use of the report here. It contains in addition to the statement that "no accidents were reported," evidence that no accident was reported as having occurred. The testimony that it was the duty of those present to discuss accidents occurring on the voyage, that Lindheimer was among those present, that the purser's duty was to keep minutes of the meeting, and the absence of any mention of an accident in the report, is some proof that no accident did in fact occur. The fact of nonreporting is an act, not a hearsay statement. See March, 1969 Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, Rule 8–03(b) (7), Comment p. 190.

██ The principal objection to the use of the deck log appears to be that the chief officer, who made the entry that all equipment at the fire drill was in good working order as required by law, was available to testify at the deposition and there was no necessity for use of the entry. But the examination of the chief officer on his deposition raised at least a question of his recollection of the events, and it was within the court's discretion to let the log in. Moreover, the chief had testified on the deposition to the content of his entry. Compare Cahill v. New York, N. H. & H. R. R., 236 F.2d 410, 411 (2d Cir. 1956).

The judgment is affirmed.

LUMBARD, Chief Judge (concurring):

I concur. My concurrence rests on the grounds that error was commited here, but that it was harmless.

Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), stands for the proposition that the Federal Business Records Act is limited by the common law concept of "trustworthiness"; in part it requires that those preparing the reports be disinterested in the events they record and that, if there be a motive to falsify, it is checked by safeguards in the normal business procedures involved. Lindheimer argues convincingly that the minutes of the safety committee, prepared by men interested in displaying a perfect safety record for the voyage, should have been excluded as inherently untrustworthy. The committee members, directly and professionally responsible for conducting the boat drills and maintaining the equipment involved, had ample personal motives for falsifying the report. The Master's participation does not cure the defect, for, as the majority concedes, he signed the report only in a formal capacity, neither attending the meeting nor having witnessed the event in question. Moreover, his interest was similar to that of the committee members.

The point is not that I believe the safety committee necessarily falsified the report, but only that under such circumstances, hearsay evidence in the form of business records, with no opportunity for cross-examination, is *too unreliable for admission.* The majority's observation that the report was not prepared with an eye towards litigation does not answer the objection, for there obviously are *other motivations for falsifying reports than to protect against a possible claim.*

*Hoffman* is a very strong case, which some have read as virtually precluding the admission of accident reports. While recent cases in this Circuit have limited its potential sweep, virtually all have involved situations where the report was prepared by a neutral third party. See, e. g., Vaccaro v. Alcoa S.S. Co., 405 F.2d 1133 (2d Cir. 1968) (report by Army, operator of marine terminal); Bowman v. Kaufman, 387 F.2d 582 (2d Cir. 1967) (policeman's memo of auto accident). With the exception of the recent and contrary case of Gaussen v. United Fruit Co., 412 F.2d 72 (2d Cir. 1969), and

perhaps also Taylor v. Baltimore & O. R.R., 344 F.2d 281 (2d Cir. 1965),[1] this court seems consistently to have maintained the position expressed in Puggioni v. Luckenbach, S.S. Co., 286 F.2d 340, 344 (2d Cir. 1961):

> "[A]ccident reports should not be admitted when the party making the report offers it for the purpose of its own exoneration."

I cannot agree with the majority opinion insofar as it may mark a departure from this salutary principle.

I find, however, that the admission of the safety committee report was merely harmless error, providing only cumulative support for the defendant's position that no accident involving Lindheimer occurred on the voyage.

1. However, United States v. New York Foreign Trade Zone Operators, 304 F.2d 792 (2d Cir. 1962), cited by the majority should be read as involving an accident report prepared by a neutral third party. In that case, a waiter was injured while leaving a Navy ship on which he was employed, and the report was prepared by him on an official government form. The government later sued the terminal operator after it received an assignment of the injured worker's claim upon paying him compensation under 5 U.S.C. § 751 (1958). At the time the report was made, however, the United States could not foresee that it would become the plaintiff and so was then a neutral, third party. The court noted that the report might well be inadmissible under *Hoffman* in an action between the injured waiter and the government. 304 F.2d at 797.