496 P.2d 328 (1972)
James A. POWELL, Plaintiff-Appellee,
v.
John W. BRADY and Continental Trailways, Inc., a Delaware corporation, Defendants and Third-Party Plaintiffs-Appellants,
v.
The CITY AND COUNTY OF DENVER, a municipal corporation, Third-Party Defendant-Appellee.
Nos. 70-498, 70-677.
Colorado Court of Appeals, Div. II.
February 8, 1972.
Rehearing Denied February 29, 1972.
Certiorari Granted May 8, 1972.
*330 Davies & Dikeou, George D. Dikeou, Denver, for plaintiff-appellee.
Berman, Friedrichs & Young, J. Bayard Young, Denver, for defendants and third-party plaintiffs-appellants.
Duane O. Littell, I. Thomas Bieging, Lloyd K. Shinsato, Asst. City Atty., Denver, for third-party defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
This is a consolidation of two appeals from an action for negligence arising from an automobile-pedestrian collision occurring at the intersection of 20th and Arapahoe Streets in Denver. The parties appear here in reverse of their order of appearance below and will be referred to by their trial court designations or by name. The record indicates that plaintiff Powell was crossing 20th Street at the intersection when he was struck by a car driven by defendant Brady, an employee of Continental Trailways, Inc., (Continental) while Brady was making a right-hand turn onto 20th Street from Arapahoe. The vehicle was owned by Continental. Plaintiff was thereafter taken to Denver General Hospital, an agency of the City and County of Denver, where it was determined that he had suffered a broken hip.
While confined at Denver General Hospital following an operation on his hip, plaintiff developed severe decubiti ulcers, otherwise known as "bedsores" or "pressure sores." Treatment of a pressure sore located on plaintiff's sacrum required several surgical operations. Pressure sores located on plaintiff's hips and heels were treated without surgery.
After learning of the pressure sores, Brady and Continental brought a third-party complaint against the City and County of Denver (the city), alleging its negligence in the treatment of plaintiff and asserting a right of indemnification for any judgment that might enter against them as a result of the pressure sores. The third-party complaint was dismissed by the trial court on the ground that Brady and Continental had failed to give the city timely notice of the injury as required by statute. Powell proceeded to trial and obtained judgment against Brady and Continental who prosecute this appeal, asserting numerous errors. We affirm.

NOTICE TO MUNICIPALITY
Defendants' first contention is that the trial court erred in dismissing their third-party complaint against the city prior to trial. It is defendants' position that their action against the city is one for indemnity, sounding in contract rather than tort, and is not barred by their failure to comply with the notice provisions of C.R.S.1963, 139-35-1(1) which provides:
"No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety days and the action is commenced within two years from the occurrence of the accident causing the injury or death."
(Emphasis supplied.)
Compliance with notice requirements of this, and similar statutes, is mandatory and a prerequisite to the maintenance of a suit against a municipality. Fisher v. City & County of Denver, 123 Colo. 158, 225 P.2d 828; Armijo v. Denver, 123 Colo. 304, 228 P.2d 989; 18 E. McQuillin, Municipal Corporations § 53.154 (3rd ed. rev.). The purpose for this statute was expressed in Fisher v. City & County of Denver, supra, wherein the Colorado Supreme Court said:
"[T]he purpose of requiring notice of injuries ... is twofold: First, in *331 order that the defendant may have full opportunity of investigating: the scene of the accident; the alleged cause thereof; the extent of the injuries; the correction of defective conditions, if such exist, so as to avoid dissipation of the city's assets in payment of claims alleged due to the city's negligence; and, second, so that the city, having had a full opportunity of investigation, may determine therefrom its liability and settle the same without incurring needless expense of litigation." See Dowell v. Schisler, 143 Colo. 438, 354 P.2d 152.
The policy reasons set forth above are particularly applicable to this case even though it is now framed as one for indemnification. The issue set forth by the pleadings was solely one of negligence and not contract, and it is our view that the trial court properly determined that this suit against the city was barred by defendants' failure to give the required statutory notice. American Automobile Ins. Co. v. Minneapolis, 259 Minn. 294, 107 N.W.2d 320; see White v. Johnson, 272 Minn. 363, 137 N.W.2d 674; Annot., 93 A.L.R.2d 1385. See also, Bituminous Casualty Corp. v. City of Evansville, 7th Cir., 191 F.2d 572.

REFUSAL OF PROFFERED EVIDENCE
Defendants Brady and Continental further contend that the trial court erred in ruling they could not offer evidence relating to the city's negligence in treating plaintiff and in refusing to instruct the jury concerning these issues. We disagree.
Even if negligence on the part of the city had been shown, this would not relieve Brady or Continental from liability. Restatement (Second) of Torts § 457 (1965) sets forth the generally accepted rule with regard to subsequent negligence causing bodily harm as follows:
"If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner."
In Denver and Rio Grande Western R. R. Co. v. Conley, 293 F.2d 612 (10th Cir. 1961), plaintiff's husband was injured when he was thrown off a switch engine. Sometime after the injury he underwent surgery during the course of which a tooth was jarred loose. A resultant infection caused pneumonia and subsequent death. The defendant railroad company argued that it was free from liability because the death resulted from an injury which occurred on the operating table. That argument was rejected by the court. Citing Restatement of Torts § 457, as the law in Colorado, the court stated that defendant was liable when due to its negligence decedent was placed in a position of necessarily relying upon the services of third persons. For other examples of the application of this principle, see Kansas City Southern R. R. v. Justis, 5th Cir., 232 F.2d 267, cert. denied, 352 U.S. 833, 77 S.Ct. 49, 1 L.Ed.2d 53; Balancio v. United States, 2nd Cir., 267 F.2d 135, cert. denied, 361 U. S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114. Under the facts of the case before us, the trial court properly ruled that the instructions should not be given and that testimony regarding the city's possible negligence was inadmissible.

MITIGATION OF DAMAGES
In their supplemental answer, defendants Brady and Continental raised the affirmative defense of plaintiff's alleged failure to mitigate damages. After presentation of all evidence, the trial court ruled that evidence of plaintiff's failure to mitigate was insufficient to warrant submission to the jury. Defendants allege that this ruling was in error. We disagree.
Failure to mitigate damages is an affirmative defense which must be proven by the defendant. Hoehne Ditch Co. v. John Flood Ditch Co., 76 Colo. 500, 233 P. *332 167. In order for the issue to be submitted to the jury there must be competent evidence to the effect that plaintiff failed to take reasonable efforts to mitigate his damages. See Brenaman v. Willis, 136 Colo. 53, 314 P.2d 691. Unreasonable or extraordinary efforts are not required. 22 Am.Jur.2d Damages § 32. Reviewing all the evidence in this case and all inferences legitimately deducible therefrom, we find no evidence that Mr. Powell failed to exercise the reasonable diligence and ordinary care of a person in the same or similar circumstances to mitigate his damages. Although there was some testimony presented to the effect that plaintiff was uncooperative with an attending nurse, there was not sufficient evidence presented to suggest a finding that plaintiff's failure to cooperate caused the bedsores not then in existence. The issue was therefore properly removed from consideration by the jury. See J. C. Penney Co. v. Brown, 155 Colo. 212, 393 P.2d 575.

HOSPITAL RECORDS
Defendants next contend that the trial court erred in failing to admit the entire hospital record of plaintiff in order to impeach certain medical testimony. They argue that the entire record is admissible under C.R.C.P. 43, which states that all evidence admissible under federal statutes shall apply in state court. The Federal Business Records Act, 28 U.S.C. § 1732(a) provides, in part:
". . . [A]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter."
The applicability of this Act to hospital records has been firmly established. See e. g., Gaussen v. United Fruit Co., 2nd Cir., 412 F.2d 72; Annot., 9 A.L.R.Fed. 457. The main thrust of the Federal Business Records Act is the removal of hearsay objections to the admission of hospital records into evidence. Under this Act, however, the proper qualification of a hospital record as a whole does not necessarily make all parts thereof automatically admissible. Bertanzetti v. Pennsylvania R. R. Co., 3rd Cir., 278 F.2d 690; Terrell v. Missouri-Kansas-Texas R. R. Co., 327 S.W.2d 230 (Mo.); Hermann v. St. Louis Public Service Co., 345 S.W.2d 399 (Mo.App.); Allen v. St. Louis Public Service Co., 365 Mo. 677, 285 S.W.2d 663, 55 A.L.R.2d 1022; 32 C.J.S. Evidence § 728(f), p. 1042; 40 Am.Jur.2d Hospitals and Asylums § 43. The statute does not abandon the requirement that the relevancy of the tendered records be established. Miller v. Weiner, D.C., 298 F.Supp. 1016.
In the case at hand, the trial court's ruling was based upon the fact that the greater part of the entire hospital record offered was irrelevant and misleading as to the issue for which its admission was sought and that only limited portions thereof were relevant to the attempted impeachment. Brady and Continental were given the opportunity to qualify any part of the hospital records they chose in order to have them admitted. They chose not to do so. In view of the foregoing, we find that the trial court ruled properly in denying blanket admission of plaintiff's hospital records into evidence.

COLLATERAL SOURCE RULE
During trial of this action, the court ruled that the total amount of medical bills claimed by plaintiff as damages could not be reduced by the amount of compensation paid by Medicare. Defendants assert that this ruling was in error. We disagree.
The collateral source doctrine, as applied in Colorado, provides that damages recoverable for a wrong are not diminished because the injured party has been wholly or partially indemnified or compensated *333 for his loss by insurance effected by him and to which the wrongdoer did not contribute. Kistler v. Halsey, Colo., 481 P.2d 722; Moyer v. Merrick, 155 Colo. 73, 392 P.2d 653; Carr v. Boyd, 123 Colo. 350, 229 P.2d 659. The record herein discloses that previous to the accident plaintiff obtained the Medicare and supplemental Blue Cross coverage in question, for which he paid $12 per month from his $92 per month social security benefits. Payments made for Medicare coverage are analogous to insurance payments, and the trial court properly found that defendants were not entitled to a reduction of damages based upon the proceeds of Medicare coverage. Our Lady of Mercy Hospital v. McIntosh, 461 S.W.2d 377 (Ky.).
Defendants' further assignments of error are found to be without merit.
Judgments affirmed.
COYTE and SMITH, JJ., concur.