**The NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Harry Oliver LINARD, an Underwriter at Lloyd's, et al., Defendants.**

**No. 69 Civ. 5067.**

United States District Court,
S. D. New York.

Dec. 26, 1972.

Haight, Gardner, Poor & Havens, New York City, for plaintiff; Emil A. Kratovil, Jr., New York City, of counsel.

Symmers, Fish & Warner, New York City, for defendant Underwriters; William G. Symmers, Richard Webber, New York City, of counsel.

Levin, Kreis, Ruskin & Gyory, New York City, for defendant Vainqueur; Richard Gyory, New York City, of counsel.

David A. Ticktin, New York City, for defendant Stuyvesant.

## OPINION

WARD, District Judge.

This is a motion by defendant Vainqueur Corporation, pursuant to Rule 16, Fed.R.Civ.P., for an order directing the admission in evidence of the following documents on the trial of this action: the July 14, 1969 report of the officer investigating the casualty of the Motor Vessel Vainqueur ("M. V. Vainqueur") for the Liberian Government ("the Liberian proceeding"); the exhibits and testimony taken March 19, 23 and 27, 1969, at New Orleans, upon which the aforementioned report was based; and the exhibits and testimony taken from March 21 to on or about April 1, 1969, at New Orleans, in the matter of American Sugar Co. v. Vainqueur Corp., et al., Admiralty No. 65–595, Section B (E.D. La.1972) ("*American Sugar*").

Plaintiff is mortgagee of the M.V. Vainqueur, which it sold to defendant, Vainqueur Corporation, in January, 1968. The remaining defendants are insurers who subscribed to policies of hull and machinery insurance with respect to the Vainqueur.[1] On March 14, 1969, the M. V. Vainqueur sank in the Gulf of Mexico. Pursuant to the policies of insurance, the balance of annual premiums became immediately due upon the loss of the ship, and were paid by plaintiff to Underwriters.

It is plaintiff's contention that it is entitled to receive from Underwriters the amount owed it by its mortgagor, defendant Vainqueur Corporation. On the other hand, Underwriters contend that the sinking of the M.V. Vainqueur was not an insured event under the policies of marine insurance.

---

1. Hereinafter, "Underwriters" refers to all defendants except the Vainqueur Corp.

2. The applicable Liberian laws and regulations in effect during the proceeding were the Liberian Maritime Law, Title 22 of the Liberian Code of Laws of 1956,

*Admissibility of the report of the Liberian Proceeding:*

This report is the culmination of an official proceeding as provided for in Liberian Law.[2]

 Upon proper authentication pursuant to Rule 44(a)(2), Fed.R.Civ.P., the report is admissible under the business record exception to the hearsay rule, codified as 28 U.S.C. 1732(a). In this Circuit only accident reports made for the purpose of litigation are inadmissible. *See, e. g.,* Lindheimer v. United Fruit Co., 418 F.2d 606 (2d Cir. 1969); Vaccaro v. Alcoa Steamship Co., 405 F.2d 1133 (2d Cir. 1968). Although Underwriters intimate that the Liberian maritime statutes and regulations are pro-shipowner, that insufficient safeguards existed to insure neutrality of the investigation, and that the Liberian investigating officer was not impartial, these allegations are not sufficiently substantiated to render the report inadmissible under *Lindheimer* and *Vaccaro*. These allegations may, however, affect the weight accorded the report.

*Admissibility of the testimony and exhibits in the Liberian proceeding and in American Sugar:*

 Neither the testimony and exhibits in the Liberian proceeding, nor the testimony and exhibits in *American Sugar* are admissible under the prior testimony exception to the hearsay rule. This exception requires substantial similarity of the factual issues underlying the two cases, Hellenic Lines v. Exmouth, 253 F.2d 473, 478 (2d Cir. 1958), cert. denied, American Export Lines, Inc. v. Hellenic Lines, Limited, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958);

effective March 1, 1958, as amended April 23, 1964 and effective August 18, 1964, Section 257, effective April 7, 1960; Section 9.28 of Chapter IX of the Liberian Maritime Regulations, effective April 28, 1961.

Rivera v. American Export Lines, 13 F. R.D. 27 (S.D.N.Y.1952): and identity of interest and motive between the party opponent to the taking of the testimony or deposition and the party opponent in the action in which the testimony or deposition is offered in evidence, Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y.1958).

█ Although it appears that defendant Vainqueur may not have demonstrated a substantial similarity of factual issues with respect to either offer of evidence, the issue need not be reached as it is apparent that the second requirement, identity of interest and motive of opposing counsel, does not exist with respect to either offer. Defendant Vainqueur urges that the shipowner's protection and indemnity liability insurers present at both the Liberian proceeding and the depositions in *American Sugar* had an identity of interest with Underwriters. Although "casting away", which is Underwriters' primary defense, also may afford a complete defense for the protection and indemnity liability insurers,[3] it is not their only defense. Rather, these insurers need only show that the shipowner was not guilty of fault and neglect not excused by the "due diligence" defense of the Carriage of Goods by Sea Act, 46 U.S.C. 1304. This lesser standard would not absolve Underwriters.

Accordingly, since no identity of interest exists with respect to either offer of prior testimony, neither may be admitted in evidence.

The motion seeking the admission of the above described report, testimony and exhibits is granted with respect to the report of the Liberian proceeding, and denied with respect to the testimony and exhibits in the Liberian proceeding and *American Sugar*.

So ordered.

3. This point is disputed by Underwriters, but is irrelevant to the Court's conclusion.