No. 19,736.

LUPE TORRES *v.* PEOPLE OF THE STATE OF COLORADO.
(369 P. [2d] 80)

Decided February 19, 1962.   Rehearing denied March 12, 1962.

Mr. W. C. KETTELKAMP, JR., for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.

HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

LUPE TORRES and Leroy Martinez were jointly charged in a three count information with the crimes of burglary, larceny, and conspiracy to commit burglary and larceny. A jury found both defendants guilty on all counts and they were sentenced to terms in the state penitentiary.

Torres is here by writ of error seeking reversal. He makes no claim that the verdict is not supported by the evidence, but urges as grounds for reversal alleged errors in the trial of such nature as to preclude a fair trial as provided by law.

Defendant assigns error under the following designations:

1. Improper remarks by a witness.

2. Error in permitting a witness to testify about stolen TV sets in the absence of their presence in court.

3. Improper conduct of juror.

Under his first assignment, defendant claims that the trial court erred in not granting his motion for mistrial following certain remarks of the Chief of Police of Pueblo, made during his testimony as a witness for the people.

On questioning by the district attorney, the witness had testified that he knew both defendants and further stated that Martinez was commonly known as "Pineapple." Counsel for Torres objected to this embellishment of Martinez. The court instructed the jury to disregard the remark.

Defendant has cited no rule of law, and we know of none, that would allow one codefendant to obtain a new trial because of alleged prejudice to another code-

fendant who seeks no redress either here or in the trial court.

■ Under this same assignment, defendant alleges that the court again erred in not granting his motion for mistrial because of the following remark by the same witness when detailing the confession of the defendant:

"Then he said, 'Then the two of us went in my car to Juarez, Old Mexico,' He said some cab driver furnished his wife to him for a fee."

This court has repeatedly held that all parts of a pretrial confession, even if they refer to other *crimes*, are admissible in evidence. *McRae v. People*, 131 Colo. 305, 281 P. (2d) 153. The officer did no more than quote words that came from the lips of the defendant himself.

■ Under his second assignment, defendant urges that the trial court erred in permitting one Mathews, a police officer, to identify certain recovered TV sets, without introducing them in evidence, explaining their absence, or linking them with defendant. In addition to proving its case through the voluntary confession of defendant, the prosecution made out a case of circumstantial evidence. Five TV sets had been stolen and removed in a panel truck upon which glove marks were found identical with those on the safe in the burglarized premises. Two sets had been sold by Torres and Martinez to one Borzileri and a buddy, who had hidden them in the weeds out in the country. Two sets had been recovered by this witness from the weeds at a point designated by Borzileri and the witness identified two sets as those that had been recovered. This was circumstantial evidence properly admitted for the consideration of the jury. We find no merit in this assignment.

Under his third assignment, defendant asserts that after the conclusion of defendant's case, during a recess and prior to the time the jury reached its verdict, Martinez had observed the manager of the burglarized store talking with one of the jurors. When counsel for Torres

and Martinez reported this to the court the juror was called into chambers and interrogated. He stated that no phase of the case had been discussed, that the manager had said to him, "It's amazing how they can do some of it," and that he replied, "Yes, it is." Nothing more had been said.

■ This court has held that in order to constitute grounds for setting aside a verdict because of any unauthorized or improper communication with the jury, it is incumbent upon defendant to show that he was prejudiced thereby, and that determination of whether prejudice has occurred is a matter within the sound discretion of the trial court. *Moore v. People,* 125 Colo. 306, 243 P. (2d) 425.

Here, the defendant made no showing that he was prejudiced by this occurrence.

No prejudicial error appearing, the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE FRANTZ concur.