Opinion by
Mr. Justice Moore.
The parties are here in the same order as they appeared in the trial court and' we will refer to them as plaintiff and defendant.
• On October 15, 1961, plaintiff was a child of the age of two years and three months. On' that date he suffered injuries allegedly caused by the negligence of defendant while backing his automobile from the piace where it had been parked. Defendant by answer denied all the allegations of the complaint and alleged contributory negligence on the part of the. plaintiff. The issues were tried to. a jury and we will direct attention hereafter-.to the verdict'returned by the jury upon which the trial court entered a judgment for the plaintiff.-
*557 One of the grounds urged by counsel for plaintiff in their motion for a new trial.was the following:
“1. There is no valid verdict which will support any judgment. The verdict of the jury which found for the plaintiff and assessed his damages at ‘0’ and also found for the defendant is inconsistent and contrary to the law and to the evidence. Such verdict, was the result of improper instruction by the Court and confusion on the part of the jury. The Court erred in receiving the verdict and, on its own motion, should have sent the jury back to correct the verdict. Failing this, the verdict was and is improper and invalid for any purpose whatsoever, and the Court erred in entering judgment thereon in favor of the defendant.”
It is also argued in this court that: “The court erred in permitting the defendant to question various witnesses about an automobile accident which plaintiff’s mother had at a railroad crossing, which was totally unrelated to the plaintiff or his case on trial. The court compounded the error by refusing to strike this testimony and instruct, the jury to disregard it. The court further erred in permitting the defendant to question various witnesses concerning the mental condition of plaintiff’s father and other unrelated matters, all of which were highly and pathetically prejudicial to plaintiff.”
 We have read the entire record and hold that the-.repeated references to an automobile accident in which the mother of plaintiff was involved, subsequent to the incident giving rise to this action, should not have been permitted. Plaintiff was not involved therein in any manner and the attempt of counsel to infer that he might have suffered the brain injury complained of, in that accident, was not justified. We further hold that error, was committed in connection with the admission of evidence that plaintiff’s father had once been admitted; to. the -State Hospital at Pueblo. In cross-examining tlje mother of plaintiff, counsel for. defendant, asked *558 her whether plaintiff’s father had been committed. She answered, “He was committed for drinking.” Notwithstanding this answer, subsequent questions inferred that his commitment might have been caused by some mental condition which plaintiff could have inherited.
In cross-examining Dr. Bloomquist, a specialist in neurology who was called as witness for plaintiff, the following took place, inter alia:
“Q. Now, then isn’t this true that if Mrs. Martinez had told you that the father of Joseph Lee Martinez was committed to the State Hospital at Pueblo for the Insane in 1959 and again in 1960 you would have had an interest in why he was committed, would you not?
“A. Yes.
“Q. And that would have had some bearing upon your opinion in this case, would it not?
“A. Not necessarily.
“Q. Not necessarily, but you would have been interested in finding that out?
“A. Yes, sir.
“Q. And if an electroencephalogram had ever been performed on the father of this child and it showed a similar slowness of the brain waves you would have wanted to know that, would you not?
“A. Absolutely.
“Q. Wouldn’t it seem reasonable to you that if Joseph Lee Martinez’s father was committed to the State Hospital for the Insane that there probably was an electroencephalogram taken at that time?
' “A. No.”
No evidence which was admitted made the above cross-examination of the doctor and the mother relevaht in any manner to any issue in the case. The presence of plaintiff’s father in the State Hospital was not in any remote degree connected with the brain injury allegedly suffered by plaintiff in the accident which gave rise to this action. When the evidence was concluded, and' nothing had been presented to show the relevance of the *559 numerous references to the “commitment” of plaintiff’s father, counsel for the child moved that all of the “commitment” evidence, as well as the testimony relating to the mother’s subsequent automobile accident, be stricken and the jury instructed to disregard it. The two motions were denied by the court in the following language:
“THE COURT: Now, I have a ruling to make on two motions. One, is the motion to strike the testimony with reference to the prior accident, which is denied, and a motion to strike the testimony with respect to counsel’s comments upon the plaintiff’s father being committed to the state hospital, which is denied.”
The trial court erred in denying these two motions.
 We now direct attention to the verdict which the jury returned. We reproduce it as nearly as we can (omitting the caption):
“We, the jury duly impaneled and sworn in the above entitled case, do find for the plaintiff and assess plaintiff’s recovery in the sum of $ 0 .
Foreman
“We, the jury duly impaneled and sworn in the above entitled case, do find for the defendant.

(Sgd.) “Raphel Allen Walters

Foreman”
It is readily seen that but one piece of paper was submitted — presumably, only one of the lines for signature was to be used. However, the jury saw fit to indicate that in the verdict first appearing on the paper they believed that the child had not suffered any damage resulting from the proven negligence of the defendant. This would follow from the fact that the jury inserted a zero (“0”) in the space provided for the assessment of damages suffered by plaintiff following the determination that the defendant was liable. If liability was established, as this verdict would indicate, the record discloses that plaintiff was entitled to an award of damages, *560 and the refusal of the trial court to strike the incompetent evidence might well have produced this result.
The only signature appearing on the verdict appears at the bottom of the sheet, and this indicates an assent to all that appears above it, namely, (1) a finding for the plaintiff but determining that no damage had been proven; and (2) a finding for the defendant. Under the state of this record, we cannot say that the jury found in favor of the defendant on the issue of liability. The verdict is fatally defective and the judgment entered thereon is erroneous. Generally, verdicts should be submitted on separate pieces of paper, and the jury should be instructed to sign only one of them.
The judgment is reversed and the cause remanded for a new trial.
Mr. Justice Sutton and Mr. Justice Frantz concur.