504 P.2d 1117 (1972)
Catherine V. CLAYTON and John C. Clayton, Plaintiffs-Appellants,
v.
L. Clark HEPP and Joseph E. Homstad, Defendants-Appellees.
No. 72-059.
Colorado Court of Appeals, Div. I.
October 31, 1972.
Rehearing Denied November 21, 1972.
Certiorari Denied January 15, 1973.
Friedman, Bader & Moore, Charles A. Friedman, Cohen & Davis, Morton L. Davis, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Richard D. Hall, Denver, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
This is a medical malpractice action. The jury rendered a verdict for the defendants and judgment was entered accordingly. Plaintiffs appeal. We affirm.
On appeal plaintiffs assert that the court erred in giving the following instructions:

"No. 8. You have heard the evidence in this case from witnesses who have testified *1118 as experts. The law allows experts to express opinions on subjects involving their special knowledge, training and skill, experience or research; but while their opinions are allowed to be given, it is entirely within the province of the jury to determine what weight shall be given to their testimony. Jurors are not bound by the testimony of any experts; their testimony is to be weighed as that of any other witness.

"No. 16. A physician is charged with possessing and exercising that degree of knowledge, skill and care that is possessed and exercised by physicians in the same field of practice, who are practicing in the same locality at the same time. It is for your to determine from the evidence what such physicians would or would not have done under the same or similar circumstances.

"No. 17. A physician who holds himself out to be a specialist in a particular field must use his skill and knowledge as a specialist in a manner consistent with the special degree of skill and knowledge ordinarily possessed by other specialists who have devoted special study and attention to the same specialty, and in a manner consistent with the state of knowledge in the same specialty at the time of the diagnosis.

"No. 19. In considering whether the defendants, L. Clark Hepp and Joseph E. Homstad, exercised ordinary and reasonable care, skill and diligence in making a diagnosis of the condition of the plaintiff, Catherine V. Clayton, on Friday, October 28, 1966, or in the timeliness of the request by the defendant, Joseph E. Homstad, for a consultation by a cardiovascular surgeon, you cannot set up a standard of your own, but must be guided in that regard solely by the testimony of the physicians who have appeared in this action, in accordance with the instructions of the standard of care of physicians contained herein."
Although each instruction is conceded to be a correct statement of law, the plaintiffs contend that the composite effect of the instructions is to confuse the jury and place undue emphasis on the position taken by the defendants, resulting in prejudice to the plaintiffs.
They specifically contend that instructions No. 8 and No. 19 are inconsistent. The jury was instructed in No. 19 that the standard upon which they determined whether defendants were negligent must be based upon the testimony of the physicians appearing rather than upon any independent standard of their own. The purpose of instruction No. 8 was to advise the jury as to the weight to be accorded expert testimony and that the jurors were not bound to give equal credence to each expert testifying. Instructions Nos. 8 and 19 pertain to separate and distinct rules of law, and the use of both was neither repetitious nor inconsistent in this action.
Plaintiffs contend that instructions No. 16 and No. 17 are essentially identical and over-emphasize the need for expert testimony. Plaintiffs state that only instruction No. 16 was proper. Instruction No. 16 expresses the standard of care required of physicians generally; whereas instruction No. 17 sets forth the standard to which medical specialists are to be held. The instructions are not essentially identical. Plaintiffs acknowledged the propriety of instruction No. 16 and could not have been prejudiced by the imposition on defendants of the higher standard of care contained in instruction No. 17 which was necessary in order to instruct the jury on the standard of care required of a medical specialist.
All the instructions were pertinent, proper and necessary to the jury's deliberation on this case.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.