No. 25601

**The People of the State of Colorado v.
Richard Maurice Davis, and James Merle Bender**
(516 P.2d 120)

Decided November 26, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendants-Appellants, Richard Maurice Davis and James Merle Bender, were convicted of second-degree burglary on September 28, 1971 after trial to a jury. The trial court denied defendant Bender's pre-trial Motion to Suppress his prior felony record, which involved a felony conviction for grand larceny over six years prior to the trial. On cross-examination of Bender at the trial, the former conviction was brought to the attention of the jury. The jury received its instructions and retired to deliberate at approximately 3:00 p.m. on September 28, 1971. At 6:00 p.m. they were driven two miles to a restaurant for supper and then back again to the courthouse. Two bailiffs each took a juror in his own car, five male jurors rode with a member of the police force of the City of Salida, and five female jurors were transported by an officer of the Sheriff's Department of Chaffee County. The officers were in uniform and used official cars. Thus, ten jurors were not in actual custody of the bailiffs for the period it took to travel to and from the restaurant. Affidavits from the bailiffs, jurors, and officers indicate that their conversa-

tions during that time were limited, and nothing was said about this case.

In their Motion for New Trial defendants alleged error because the bailiffs allowed the jury to separate, during which time conversations were had with police officers. Defendant Bender additionally contended that he was deprived of equal protection of the law by C.R.S. 1963, 154-1-1, which permits impeachment by felony conviction over five years old, while such is not permissible in a civil proceeding. The trial court denied their motion for new trial. We affirm.

## I.

Defendants contend that while it is clear that the police officers did not discuss the case with the jurors they were transporting, there is nevertheless the possibility of prejudice. This is so, they argue, because the prosecution's main witnesses were fellow police officers of the officers who drove the jurors to the restaurant and there was the possibility of subtle sympathetic influence in favor of the People under these circumstances. This court has previously held that in order to constitute grounds for setting aside a verdict because of unauthorized or improper communication with the jury the defendant must show that he was prejudiced thereby. The determination of whether prejudice has occurred is within the sound discretion of the trial court and only where that discretion has been abused will a new trial be ordered. *Torres v. People,* 149 Colo. 314, 369 P.2d 80; *Moore v. People,* 125 Colo. 306, 243 P.2d 425. Affidavits indicate the jurors and the officers did not discuss this case. The defendants made no showing that they were prejudiced by this occurrence and we find no abuse of the trial court's discretion here.

## II.

Additionally, it is defendant Bender's contention that he was deprived of equal protection of the law by C.R.S. 1963, 154-1-1, because it permits impeachment by felony convictions over five years old in criminal cases, while that is not permissible in a civil proceeding. This court has repeated-

ly upheld the constitutionality of C.R.S. 1963, 154-1-1. *Velarde v. People,* 179 Colo. 207, 500 P.2d 125; *Taylor v. People,* 176 Colo. 316, 490 P.2d 292; *Lee v. People,* 170 Colo. 268, 460 P.2d 796. We adhere to the position taken in those cases.

Accordingly, we affirm.

MR. JUSTICE DAY does not participate.