525 P.2d 1179 (1974)
Margurett POLSTER, Plaintiff-Appellee,
v.
GRIFF'S OF AMERICA, INC., a Missouri corporation, Defendant-Appellant.
No. 72-170.
Colorado Court of Appeals, Div. II.
June 18, 1974.
Rehearing Denied July 9, 1974.
Certiorari Denied September 9, 1974.
*1180 Walton, Tammen & Hudson, Norman E. Walton, Colorado Springs, for plaintiff-appellee.
Sheldon, Bayer, McLean & Glasman, Richard H. Glasman, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
*1181 PIERCE, Judge.
This case has been remanded to this court by the Supreme Court for consideration of issues not previously addressed. The facts of this case are set forth in Polster v. Griff's of America, Inc., Colo. App., 514 P.2d 80, rev'd and remanded, Colo., 520 P.2d 745.

I
We turn first to defendant's contention that the trial court erred in permitting a doctor to testify to plaintiff's need for future medical treatment. It maintains that this evidence was admitted in violation of the pre-trial order which required the parties to exchange medical reports at least ten days prior to trial. While the medical report of the witness had been presented to counsel in due time, defendant apparently argues that the testimony which plaintiff sought to elicit from the witness was not within the scope of the report. In sustaining the objection to the proferred evidence the court disallowed testimony "as to any specifics" but permitted the witness to "give his opinion . . . generally as to whether she will need future medical services and treatment or not."
The written medical report stated that the "maximum medical benefit" of treatment for the type of injury incurred by the plaintiff would probably be reached at the end of two years. Thus, defendant apparently argues that evidence relating to future medical treatment beyond the two-year period following the accident was outside the scope of the pre-trial order. However, the medical report did not state that medical treatment would not be required after the end of two years, but only that medical treatment following that time would probably not produce an improvement in plaintiff's condition. Thus, testimony as to future treatment was not precluded by the pre-trial order.
Furthermore, the ruling of the trial court on defendant's objection was apparently not based upon the defendant's interpretation of that particular provision in the medical report. Rather, the trial court ruled that because the medical report of this witness did not contain specifics as to the extent and frequency of future medical treatment, he could not testify to those matters. To that extent, the ruling of the trial court was against the plaintiff's interest and any error in this regard would not be prejudicial to the defendant. This element of damages was an issue in the case, and it cannot be said that evidence on this issue presented any genuine surprise to the defendant. See Francisco v. Cascade Investment Co., 29 Colo.App. 516, 486 P.2d 447. We perceive no error in the admission of this evidence.

II
Defendant next contends that the trial court erred in excluding an official weather bureau report offered to show the weather conditions on the day of the accident. The exhibit was objected to by plaintiff on the grounds that it was a record of a record and therefore not the best evidence.
Even assuming that the document offered was admissible under C.R.C.P. 44, see Bynon v. Morrison & Morrison, Inc., 169 Colo. 384, 456 P.2d 747, we perceive no prejudicial error to the defendant from this ruling of the trial court. Defendant was successful in introducing a similar exhibit from which the excluded exhibit had been prepared and which contained exactly the same information as the excluded exhibit. Thus, even if error were committed in excluding the first proffered exhibit, such error cannot be considered prejudicial where the excluded evidence would have been only cumulative. Twin Lakes Reservoir & Canal Co. v. Sill, 104 Colo. 215, 89 P.2d 1012.

III
Defendant next contends that the trial court erred in improperly commenting upon the evidence contained in the weather bureau document received into evidence. However, the record shows no contemporaneous *1182 objection to the comments of the trial court, and therefore, this allegation of error will not be considered on appeal. Welborn v. Sullivant, 167 Colo. 35, 445 P. 2d 215; Thompson v. Davis, 117 Colo. 82, 184 P.2d 133.

IV
Defendant also alleges that the trial court erred in excluding an official police record of an incident involving plaintiff subsequent to the accident. It contends that the police record was admissible as an official business record for the purpose of impeaching the witness. Plaintiff objected to the admission of the report on the grounds that it contained hearsay upon hearsay because it contained statements of a third party recorded by a police officer, and because the witness offered by the defendant to identify the report had no personal knowledge of the contents of the report.
Plaintiff's objection was properly sustained. Police reports of this nature do not fall within the "business records exception" to the hearsay rule. See 2 B. Jones, The Law of Evidence § 12:14 (6th ed. S. Gard). Furthermore, where such reports contain hearsay, they are not admissible. Michael v. John Hancock Mutual Life Insurance Co., 138 Colo. 450, 334 P.2d 1090. See Meader v. People, Colo., 497 P.2d 1010; Kurtz v. People, 177 Colo. 306, 494 P.2d 97; Orth v. Bauer, 163 Colo. 136, 429 P.2d 279.

V
Defendant next contends that the damages instruction submitted to the jury improperly included language referring to the future loss of earnings and earning capacity of the plaintiff. Defendant correctly cites J. C. Penney Co. v. Brown, 155 Colo. 212, 393 P.2d 575, for the proposition that such an instruction is improper where there is no evidence in the record upon which the jury can establish an amount of damages to represent that portion of plaintiff's loss. However, we disagree with its contention that this rule requires reversal in this case. The record contains testimony from the plaintiff's employer regarding a reduction in her effectiveness on the job. The employer further testified that because of plaintiff's frequent absenteeism, it was necessary to discontinue paying her on a monthly basis and to shift to payment of an hourly wage. He also testified that plaintiff was missing, on the average, one work day per week. This evidence was sufficient to permit the instruction on the loss of future earnings and earning capacity to be given to the jury.

VI
Finally, defendant argues that the trial court improperly overruled its objection to a portion of plaintiff's closing argument relating to future medical expenses. The grounds for defendant's objection were that the damages instruction given to the jury did not contain any reference to such expenses. This argument is likewise without merit. As stated above, the issue of future medical treatment as an element of plaintiff's damages was established as an issue in the case and evidence was received on that issue. Closing argument is proper where there is evidence in the record on the issue in question. Idaho Gold Coin Mining & Milling Co. v. Colorado Iron Works Co., 49 Colo. 66, 111 P. 553. The fact that the future medical expense item had been omitted from the damages instruction cannot be viewed as prejudicial to the defendant since that omission could inure only to the benefit of defendant and the detriment of the plaintiff. See Clayton v. Hepp, 31 Colo.App. 385, 504 P.2d 1117.
Judgment affirmed.
SILVERSTEIN, C. J., and RULAND, J., concur.