**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**James Lee HUNTER,
Defendant-Appellant.**

No. 77–094.

Colorado Court of Appeals,
Division II.

Dec. 13, 1979.

As Modified on Denial of Rehearing
Jan. 4, 1980.

Certiorari Denied March 10, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael James Heher, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant James Lee Hunter appeals his conviction of aggravated robbery and conspiracy. We affirm.

Hunter's major contention on appeal is that the jury was exposed to improper communications from third persons, that the trial court did not take proper steps to determine whether the communications resulted in prejudice to the defendant, and that we must assume that the remarks were prejudicial. The background of this argument is as follows: After the jury had deliberated for about an hour and one-half, the court received two notes from jurors. The notes told the court that when the jurors passed some black men just outside the courtroom and one sitting in the courtroom near the jury box, these men referred to the jury as being "prejudiced." The court showed the notes to counsel, called the jurors back into the courtroom, told them that they would be protected from harassment and instructed them to resume their deliberations. A short time later the jury found the defendant guilty.

Hunter argues that because he is a black man the jury might have associated him with the remarks made by the black spectators, and the verdict therefore was a result of prejudice. On remand from this court a hearing was conducted which included a review by the trial court of the contents of the notes submitted by the jurors, and concluded with the trial court determining that there was no proof of prejudice to Hunter.

In support of his contentions, Hunter relies heavily on *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). There the United States Supreme Court held that improper communications with a jury are presumptively prejudicial and that, when faced with such communications, a trial court must inquire into the ability of the jurors to continue to be impartial. (*Remmer* was again considered by the United States Supreme Court, 350 U.S. 377, 76 S.Ct. 425, 100 L.Ed. 435 (1956). There the court concluded that the verdict was irreparably tainted and that the trial court erred in not so holding.)

◼ Our reading of the *Remmer* decisions, however, convinces us that they arise as an exercise of the Supreme Court's supervisory power to formulate and apply proper standards for enforcement of the criminal law in federal courts, and not as a matter of constitutional compulsion. Thus, they are not binding on the states. *See Murphy v. Florida,* 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).

◼ In *Torres v. People,* 149 Colo. 314, 369 P.2d 80 (1962), a post-*Remmer* case, our Supreme Court, while not discussing *Remmer,* reiterated the rule as follows:

"[I]n order to constitute grounds for setting aside a verdict because of any unauthorized or improper communication with the jury, it is incumbent upon defendant to show that he was prejudiced thereby, and that determination of whether prejudice has occurred is a matter within the sound discretion of the trial court."

This rule was again relied on by the Supreme Court in *People v. Davis*, 183 Colo. 228, 516 P.2d 120 (1973). Hence, we hold that *Remmer* does not require that we presume prejudice to the defendant in cases involving improper communications with a jury, or that we place the burden of proving lack of prejudice on the People.

 As in *Torres* and *Davis*, here the defendant made no showing that he was prejudiced by the communications with the jurors, and we may not, therefore, overturn the trial court's failure to presume such.

We do not view *Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977), as changing the rule of *Torres* and *Davis*. In *Beeman*, the court had before it a situation where, during the course of a trial for rape, a juror disclosed that she thought the defendant might have been the man who had confronted her daughter and who possibly had stolen a knife from the daughter which was used in the alleged offense being tried. The Supreme Court held that the trial court had abused its discretion in denying a mistrial to the defendant. However, *Beeman* neither discusses nor cites either *Torres* or *Davis*. We find *Beeman* to be inapposite here, and *Torres* and *Davis* to be controlling.

 Hunter's next contention of error is that the out-of-court and in-court identification testimony of two victims of the robbery should not have been received. This contention was not made below. We conclude that no error, much less plain error, was committed by the trial court in allowing the identification testimony. Here, there was a one-on-one showup within a short time after the robbery. While such identification procedures are not favored, they are not *per se* violative of due process. And where, as here, there is no indication that the confrontation was unduly suggestive and conducive to irreparable misidentification, the evidence is admissible. *People v. Williams*, 183 Colo. 241, 516 P.2d 114 (1973).

Hunter's final assertion, that identification testimony should not have been admitted because it resulted from the illegal arrest of the defendant, is also raised here for the first time. An unlawful arrest does not necessarily make inadmissible positive identification testimony that is otherwise competent. *United States v. Young*, 512 F.2d 321 (4th Cir. 1975), *cert. denied*, 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362 (1976). Because the identification procedures used here were not so suggestive and unreliable as to constitute a denial of due process, there was no error. *See United States v. Young, supra; People v. Williams, supra.*

The judgment is affirmed.

SILVERSTEIN and RULAND, JJ., concur.