## No. C-1745

## The People of the State of Colorado v. Dale Eugene Stribel

(609 P.2d 113)

Decided March 31, 1980.

William R. Sprague, Claybourne M. Douglas, for petitioner.

David Burnell Smith, for respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

We granted certiorari to consider whether the record of a police car speedometer calibration test was admissible in the prosecution of Respondent by the City of Aurora (City) for speeding. The trial judge in Aurora Municipal Court admitted the calibration card, but on appeal, the District Court of Adams County held that the record of the calibration test was inadmissible hearsay. We reverse.

Respondent, Dale Stribel, was charged with speeding in Aurora, Colorado. Police Officer Parris Bradley testified that the posted speed limit was 30 miles per hour (m.p.h.) and that the speedometer on his patrol car read 48 m.p.h. as he followed the Respondent at a uniform distance and speed. A comparison of the speedometer reading with the calibration card for the patrol car showed that the speed of the patrol car actually was 46 m.p.h.

At the trial, Mark Harris, Parking Control Officer for the City, testified that he saw James Rowledge, a mechanic in the Aurora Shops, take calibration readings for the patrol car and note them on a calibration card. Rowledge signed the card and gave it to Harris, who countersigned. Harris kept the original card in a locked filing cabinet and put a copy in the patrol car.

Based on Harris' testimony, the City offered in evidence the record of the calibration test to prove the accuracy of Officer Bradley's determination of the Respondent's speed. The Respondent objected, arguing that the admission of the record was hearsay, and as such, it should be excluded from evidence because of the lack of opportunity for the Respondent to test, by cross-examination, the accuracy of the calibration test.[1] The objection was overruled by the municipal court, but the district court held that the test was not admissible under either the business records exception or the official governmental records exception to the hearsay rule.[2]

The City argues that the record is admissible under both the official records[3] and business records exceptions to the hearsay rule. The record in this case is not sufficient for us to determine whether the calibration

[1] The Respondent contends that the record of the calibration test is double hearsay. He claims the record is analogous to an accident report, presented by its custodian, in which a police officer includes statements of other individuals. Here, however, Harris' signature on the record does not mean that he adopted Rowledge's test as his own. Harris signed as a custodian of the record, and Harris was available for cross-examination at trial. The record is an extra-judicial statement by Rowledge, and only one hearsay exception is necessary to support its admission.

[2] If this case had been tried after January 1, 1980, the issues raised would be considered under the Colorado Rules of Evidence. See CRE 803(6) and (8).

[3] The official records exception, section 13-25-107, C.R.S. 1973, provides:

"Copies of all papers, books, or proceedings or parts thereof appertaining to transactions in their corporate capacity of any town or city incorporated under any general or special law of this state, certified to be true copies by the clerk or keeper of the same, under the seal of such town or city, or under the private seal of said clerk or keeper if there is no public seal, the clerk or keeper also certifying that he is entrusted with the safekeeping of the original, shall be received as prima facie evidence of the facts so certified in any court in this state."

card is an official city record. Therefore, we turn to the business records exception.

■ The business records exception. Crim. P. 26.2, provides in part:

"(a)   Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or a record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event within a reasonable time thereafter.

"(b)   All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."

Crim. P. 26.2 permits the admission of business records which ordinarily would be excluded as hearsay in criminal cases. The issue presented here is whether the records of the police department may be considered as business records.

■ Crim. P. 26.2(c) defines "business" to include "business, profession, occupation, and calling of every kind." The rule does not indicate whether governmental activity is included in the definition of "business." The Hawaii Supreme Court held that a statutory exception for business records which does not specify governmental activity [Haw. Rev. Stat. section 622-5 (1976)] does include the records of government agencies. *State v. Ing,* 53 Hawaii 466, 497 P.2d 575 (1972).[4] This case indicates a recent trend expanding the definition of "business" for the exception. Not-for-profit institutions such as schools and hospitals now generally are included within the exception. [*See* Fed. R. Evid. 803(6) and CRE 803(6) which include "institution" and "association . . . whether or not conducted for profit" within the business records exception.] Thus, the trustworthiness of the business record is based upon its nature as a routine entry in the ordinary operations of the enterprise and not upon the nature of the enterprise. We therefore hold that activities of government agencies may be considered business records for purposes of Rule 26.2 if the other requirements of the rule are met and the proper foundation is laid.[5] [*See* Fed. R. Evid. 803(6), *Note of Advisory Committee* which contemplates that a police officer's report will be included within the exception if the

---

[4] *But see State v. McGeary,* 129 N.J. Super. 219, 322 A.2d 830 (1974). In New Jersey, the report of a test on a breathalyzer was admissible under that state's business record exception, but the definition of a business specifically included "governmental activity."

[5] It would be helpful if the record in this case demonstrated that calibration tests were undertaken on a regular or periodic basis. The record, however, is sufficient to establish that the test is part of everyday operations and maintenance in this city police department.

other requirements of the rule are met.]

Often, however, police records are held inadmissible for failure to comply with the business records exception because the records are "accident reports." *See Layne v. Hartung,* 87 Ariz. 88, 348 P.2d 291 (1960); *Polster v. Griff's of America, Inc.,* 34 Colo. App. 161, 525 P.2d 1179 (1974). In *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), a statement of a railroad engineer regarding the cause of a train accident was held inadmissible because it was not prepared in the ordinary course of business. It was prepared solely for the purpose of determining liability in a subsequent lawsuit, and the United States Supreme Court found such self-serving records untrustworthy.

Clearly the calibration record here is not a record of the *Palmer* type. Calibration tests are performed routinely by police departments; there is no dispute here that the tests were performed in the ordinary course of business. Of course, their primary use is in speeding prosecutions to validate the police officer's speedometer and support his testimony. However, records of the speedometer calibrations are not prepared and kept for the purpose of proving in court that any particular defendant was speeding. They are for the purpose of proving that the speedometer of the pursuing police vehicle was accurate. Thus, unlike *Palmer,* the record-makers of speedometer calibrations have no motive to falsify the records, and the records are trustworthy. *McCormick on Evidence,* 723-24 (2d Ed. 1972).

■ The calibration card is admissible as a business record under Crim. P. 26.2 and there was sufficient foundation to support its admissibility. The municipal court properly admitted the record of the calibration test at trial.

The judgment of the district court is reversed and the cause is remanded with directions to affirm the judgment of the Municipal Court of the City of Aurora.

JUSTICE GROVES does not participate.