Mary Eva PADILLA, Plaintiff-Appellant,

v.

Gregory S. WARREN,
Defendant-Appellee.

No. 78–330.

Colorado Court of Appeals,
Div. II.

April 10, 1980.

Gerash & Robinson, P. C., Scott H. Robinson, Walter L. Gerash, Denver, for plaintiff-appellant.

Anstine & Hill, Arthur H. Anstine, Denver, for defendant-appellee.

STERNBERG, Judge.

Plaintiff, Mary Eva Padilla, appeals a judgment entered on an adverse jury verdict in a personal injury action arising out of a June 6, 1974, automobile accident in which she suffered personal injuries and property damage. We affirm.

The accident occurred at an intersection in downtown Denver. Padilla testified that her automobile was proceeding with a green light through the intersection, following another automobile, when a vehicle driven by defendant Gregory Warren struck her car. Warren contended that the car in front of Padilla made a right-hand turn on a red light and did not proceed through the intersection, that Padilla entered the intersection on a red light, and that he, not Padilla, had the right-of-way.

Padilla offered testimony of an expert witness, a professional traffic engineer, concerning the possible different locations of the vehicles at the time of the accident, and sought to elicit expert opinion relative to causation. Numerous hypothetical questions were posited, many of which were successfully objected to by defense counsel.

Following presentation of the evidence, a special verdict form was submitted to the jury on the issues of negligence, contributory negligence, proximate cause, and damages. The jury found that both parties were negligent, and that their negligence was a proximate cause of Padilla's injuries. The jury apportioned the negligence as follows: 40% attributable to defendant, 60% attributable to plaintiff. The jury then found that "zero" damages were sustained by Padilla as a result of the accident.

On appeal Padilla first asserts that the trial court erred in sustaining objections to certain hypothetical questions. We do not agree.

Although, objections were sustained as to numerous hypothetical questions, a review of the record reveals that with the exception of one area addressed by the questions, the evidence and opinions sought by Padilla were subsequently admitted into evidence. The questions which the expert was not permitted to answer involved the location of the vehicles based upon assumed speeds which were not supported by facts in evidence. Because opinions of expert witnesses must be based upon facts in evidence, the trial court did not err in excluding this testimony. *People v. Manier*, 184 Colo. 44, 518 P.2d 811 (1974); *Riss & Co. v. Galloway*, 108 Colo. 93, 114 P.2d 550 (1941).

Padilla's next contention is that inappropriate remarks of the court so prejudiced the jury against her as to require a new trial. This contention is without merit.

There is no indication in the record that counsel for plaintiff made contemporaneous objections to any of the trial court's allegedly improper remarks. We may not consider alleged errors where the record discloses no contemporaneous objection to the remarks upon which the alleged error is based. *Welborn v. Sullivant*, 167 Colo. 35, 445 P.2d 215 (1968); *Polster v. Griff's of America, Inc.*, 34 Colo.App. 161, 525 P.2d 1179 (1974).

Finally, Padilla contends that *Martinez v. Huerta*, 155 Colo. 555, 396 P.2d 237 (1964), requires reversal. She argues that the fact that the jury was prejudiced and disregarded the court's instructions is proved by its answering the damage ques-

tion "zero" in the face of undisputed evidence that she had been injured and had sustained damages. We reject this argument.

In *Martinez*, a negligence action arising out of an automobile accident, the jury returned a verdict in favor of both plaintiff and defendant, and awarded plaintiff no damages. The Supreme Court reversed concluding, *inter alia*, that "[u]nder the state of [the] record, we cannot say that the jury found in favor of defendant on the issue of liability." In contrast here, the jury found that Padilla's negligence was greater than Warren's, thereby precluding recovery of damages under the comparative negligence statute, § 13–21–111, C.R.S.1973. And, because it had been so advised, the jury knew of the effect of its allocation of negligence on the damage award. Consequently, its insertion of the word "zero" in the damage portion of the verdict is not evidence of prejudice. The verdict, here, was not internally inconsistent, as it was in *Martinez, supra*.

Therefore, since any question regarding damages is immaterial in view of the jury's allocation of negligence adverse to Padilla, we hold that the jury's determination of zero damages is not reversible error. *Gremban v. Burke*, 33 Wis.2d 1, 146 N.W.2d 453 (1966).

The judgment of the trial court is affirmed.

ENOCH, C. J., and RULAND, J., concur.

