**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Gregory EVANS, Defendant-Appellant.**

**No. 81CA0042.**

Colorado Court of Appeals,
Div. I.

June 23, 1983.

Rehearing Denied Aug. 4, 1983.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Gregory L. Evans, appeals his convictions based on jury verdicts finding him sane at the time of the commission of the offenses and then, in the trial on the charges, finding him guilty of first degree murder, second degree burglary, robbery, attempted first degree murder, and first degree sexual assault. We affirm.

## I.

The defendant first contends that the trial court erred during the trial on the issue of sanity by improperly restricting the direct examination of a psychiatrist called by the defense. We do not agree.

This witness had not examined the defendant, and had not been called for the purpose of testifying as to defendant's sanity. He testified at considerable length concerning the nature of "minimal brain dysfunction", a condition which a previous expert witness said defendant had.

During the course of his testimony, he was asked whether he had an opinion as to whether minimal brain dysfunction "may

present a foundation for a finding of insanity." The prosecutor objected. The court sustained the objection on the grounds that the question as worded was speculative, irrelevant, and did not apply to the facts of this case.

■ No offer of proof was made as to what the witness' answer would have been, and defense counsel asked no further questions of this witness. Absent an offer of proof, we are unable to determine whether refusal of this testimony, and any follow-up testimony, was prejudicial. Therefore, this ruling cannot be considered as a basis for reversal. *Massie v. People,* 82 Colo. 205, 258 P. 226 (1927); C.R.E. 103(a)(2). *See Larsen v. Archdiocese of Denver,* 631 P.2d 1163 (Colo.App.1981).

■ Furthermore, the previous defense witness had already testified that defendant suffered from this malady, had described it in great detail, and had given his opinion that, as a result of it, defendant was insane. Admission or rejection of cumulative evidence is within the trial court's discretion. *Maes v. People,* 169 Colo. 200, 454 P.2d 792 (1969); C.R.E. 403. There was no abuse here. *See Dungaard v. People,* 176 Colo. 38, 488 P.2d 1101 (1971).

## II.

Defendant next contends that, during the guilt phase of the trial, the court erred in dismissing one of the jurors over objection of defense counsel and in replacing him with an alternate juror. We disagree.

Crim.P. 23(a)(7) and § 16–10–106, C.R.S. 1973 (1978 Repl. Vol. 8) provide that "[w]here a jury of twelve has been sworn to try the case, and any juror by reason of illness *or other cause* becomes unable to continue until a verdict is reached, the court may excuse such juror...." (emphasis supplied) Crim.P. 24(e) and § 16–10–105, C.R.S. 1973 (1978 Repl. Vol. 8) further provide that alternate jurors may be called to replace "jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties...."

The jurors had been sequestered for eight days when the bailiffs reported a jury problem to the court. One of the jurors was quite upset at the way the jury was being handled by one of the bailiffs. He had become upset over the choice of restaurants selected by the bailiffs and felt that one of the bailiffs was incompetent. He had also had a disagreement with a fellow juror roommate and had raised some unsubstantiated allegations regarding the telephone transmitter. The juror could not say whether the phone had been used or not and his roommate denied all knowledge of a telephone transmitter.

At a hearing conducted by the court, this juror stated that he told his former roommate, "I think you should try and get me off the jury. I am not happy with it. I am very disgusted with it and I told her to call you last night ... I am going to continue to pursue this." The juror admitted that he was irritated and was looking for problems. The court noted at the hearing that the juror appeared to be "very, very nervous" and that some of his complaints made no sense.

When the juror was asked whether he felt he had the ability to go on with the trial, he stated, "I have the ability as far as that goes." However, the record reveals that following that statement he continued to complain about the bailiff and admitted to being upset with the system.

The court found that the actions of the bailiff in taking the jurors to certain places were perfectly proper because of the weekend and the bailiffs had been trying to keep the jurors' time occupied. The court further found that the actions of the bailiff were not prejudicial to the defendant in any way. Therefore, the court replaced the juror with an alternate juror so that the jury as a whole would be able to deliberate without this conflict and could come up with a fair verdict.

■ The defendant was not entitled to any particular juror; he was entitled to a trial by a fair and impartial jury. *Honda v. People,* 111 Colo. 279, 141 P.2d 178 (1943).

Defendant has not asserted that any of the jurors were unfair or impartial or were not qualified, nor has he made any showing that he was prejudiced in any way by the dismissal of the juror and his replacement by an alternate. Prejudice will not be presumed. *People v. Hunter,* 43 Colo.App. 406, 607 P.2d 1026 (1980). No error was committed by the trial court.

### III.

The other contentions are without merit. Judgment affirmed.

ENOCH, C.J., and PIERCE, J., concur.