Courtney TINCOMBE and Carol Tincombe, Plaintiffs-Appellees,

v.

COLORADO CONSTRUCTION AND SUPPLY CORPORATION, a Colorado corporation, a/k/a Buffalo State Construction; Daniel McGeary; and Paul McGeary, Defendants-Appellants.

No. 83CA0575.

Colorado Court of Appeals, Div. I.

April 5, 1984.

Anthony T. Accetta, Denver, for plaintiffs-appellees.

Nick Avila, Jr., Denver, for defendants-appellants.

PIERCE, Judge.

Plaintiffs brought suit alleging deceit based upon fraud and breach of a contract to construct certain home improvements. Defendants appeal from a judgment for actual and punitive damages entered after a trial to the court. We affirm in part and reverse in part.

In May 1979, plaintiffs entered into a contract with defendant, Colorado Construction and Supply Corporation (CCSC), for the construction of a garage, covered patio, and driveway. The contract called for a $5,000 down payment, $4,000 to be paid when the framing was delivered, and the balance on completion of construction.

Plaintiffs presented evidence that they paid CCSC $9,000 under the contract, but that the construction was never completed and that the partial construction of the garage was substantially defective. The trial court ruled that CCSC had breached the contract, finding that none of the improvements were usable for the purposes intended, that plaintiffs were fraudulently induced to enter the contract, and that CCSC was the alter ego of defendants, Paul McGeary, Jr., and Daniel McGeary. The trial court then entered judgment for the amount paid by plaintiffs, plus interest, and for punitive damages of $10,000.

I.

Over defendants' objection, the trial court admitted a file of consumer complaints against CCSC which had been lodged with the Colorado Attorney General's Consumer Fraud Office, and admitted a criminal complaint that had been filed against all three defendants.

■ Defendants first contend that the trial court erred when it permitted testimony concerning, and admission of, these complaints. We agree in part.

The complaints contained statements concerning defendants' alleged fraudulent practices. Because these statements were made out of court and were admitted to prove the truth of a pattern of conduct on the part of defendants, they constituted hearsay. CRE 801(c).

Contrary to plaintiffs' contentions, the complaints are not admissible as business records under CRE 803(6). Although the day-by-day product generated by the efforts of the Attorney General's Office may be admissible as business records, the complaints here would not qualify as they are hearsay documents only filed in that office by third parties and are not part of the work product generated by that office. *See People v. Stribel,* 199 Colo. 377, 609 P.2d 113 (1980). They are also not admissible as public records under CRE 803(8) because they comprise unsubstantiated allegations, rather than "factual findings" and, as such, lack trustworthiness. Hence, their admission into evidence was error.

■ A new trial will not be granted, however, unless the error committed prejudiced the substantial rights of the party seeking reversal. C.R.C.P. 61; *Francis v. O'Neal,* 127 Colo. 432, 257 P.2d 973 (1953). Here, because the evidence of defendants' breach of contract was overwhelming, and because the contested exhibits were not relevant to the breach of contract claim, admission of the testimony and exhibits was harmless error as to the award of actual damages for breach of contract.

■ As to the award of exemplary damages, however, admission of the exhibits was prejudicial error because the trial court expressly predicated its award on its finding that:

"[D]efendant [Paul McGeary] apparently has a pattern of doing this sort of thing. The evidence from the Denver Consumer Office has indicated that there have been numerous complaints filed against the defendant and his corporation for failure to complete the work, allowing liens to be placed on the property which required the landowners to have to pay double."

Defendants are, therefore, entitled to a new trial on the issue of exemplary damages.

## II.

Defendants argue next that the trial court erred when it awarded the full amount plaintiffs paid to defendants under the contract as actual damages. We disagree.

 Restitution by the breaching party of any benefit which has been conferred upon it by the injured party is an appropriate remedy for a breach that goes to the essence of the contract. *Ed Hackstaff Concrete, Inc. v. Powder Ridge*, 679 P.2d 1112 (Colo.App.1984). Here, the trial court found, upon ample evidence, that the work performed was unsuitable for the purpose for which it was constructed and had no value. Restitution of the amount paid was, therefore, proper.

Defendants' remaining contentions are without merit.

Accordingly, the judgment as to the award of actual damages, interest, and costs, is affirmed. That portion of the judgment relating to exemplary damages is reversed and the cause is remanded for a redetermination of that issue without consideration of the inadmissible documents.

SMITH and TURSI, JJ., concur.