The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Bobby J. **JOHNSON,**
Defendant–Appellant.

No. 85CA1680.

Colorado Court of Appeals,
Div. II.

March 3, 1988.

Rehearing Denied March 31, 1988.

Certiorari Denied July 5, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Tegtmeier & Sears, P.C., Mary G. Allen, Colorado Springs, for defendant-appellant.

TURSI, Judge.

Defendant, Bobby Joyce Johnson, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree arson, third degree arson, and fourth degree arson. We affirm.

The Colorado Springs Fire Department responded to a fire at a shopping center in which defendant owned and operated a hardware store. The evidence disclosed that a hole had been drilled through the building wall, and a hose leading from a gas meter outside the store had been pushed through the hole into the interior of defendant's store. The remains of a candle were found in the area in which the ignition of the gas first occurred. There was conflicting evidence as to whether the particular candle could still have been burning from the time of defendant's last exiting the store to the time of the ignition of the fumes.

The fire was extremely hot and smokey. Metal objects and broken glass were strewn about the floor, and the fire also created a "huge flame ball which rolled across the ceiling." The extreme heat of the fire also caused a "flash effect" which melted many objects. There was testimony that these factors created risk to the fire fighters.

I

Defendant argues that the court should not have submitted the charge of fourth degree arson to the jury. He claims that § 18–4–105, C.R.S. (1986 Repl.Vol. 8B) does not apply to the danger of death or serious injury to firemen since such risk is inherent in any first degree arson, but rather for those situations in which a defendant's conduct knowingly or recklessly endangers a bystander, occupant, or neighbor of a building or structure which is burned or exploded. He also argues that § 18–4–105 does not apply to conduct which is governed by the first degree arson statute; We disagree.

Section 18–4–105(1), C.R.S. (1986 Repl. Vol. 8B) provides as follows:

"A person who knowingly or recklessly starts or maintains a fire or causes an

explosion, on his own property or that of another, and by so doing places another in danger of death or serious bodily injury ... commits fourth degree arson." We conclude that fire fighters come within the plain meaning of "another [who is placed] in danger of death or serious injury." *See People v. Owens,* 670 P.2d 1233 (Colo.1983); *see also People v. Howell,* 701 P.2d 131 (Colo.App.1985). *Accord State v. Millstein,* 8 Conn.App. 581, 513 A.2d 1253 (1986); *State v. Caprio,* 477 A.2d 67 (R.I. 1984). The record supports a finding that a potential of serious injury or death existed in this case.

 Also, since the fourth degree arson statute contains the element of danger to persons, it is not a lesser included offense of first degree arson. *See People v. Opson,* 632 P.2d 602 (Colo.App.1980).

## II

Defendant also contends that the court improperly dismissed one of the jurors over the objection of defense counsel. Therefore, he claims that he was deprived of his constitutional right to a fair and impartial jury. We disagree.

 Section 16–10–105, C.R.S. (1986 Repl.Vol. 8A) and Crim.P. 24(e) provide that alternate jurors may be called to replace a juror who becomes "disqualified" to perform his duties. A ruling to effect such a change in a jury is a matter within the discretion of the trial court and will not be disturbed on review unless an abuse of discretion is shown. *See People v. Abbott,* 690 P.2d 1263 (Colo.1984).

 Here, the record reveals that the disqualified juror had indicated irritation with the length of the trial process and the numerous interruptions which occurred; that he had personal knowledge of vandalism similar to that which defendant had experienced; that he had commented on commencing deliberation before completion of the People's case; and that he had commented negatively regarding judicial personnel. Thus, disqualification of the juror by the trial court was within its discretion, and we find no abuse thereof. *See People v. Abbott, supra.*

 Although defendant is entitled to a trial by a fair and impartial jury, he is not entitled to any particular juror. *People v. Tippett,* 733 P.2d 1183 (Colo.1987). Moreover, defendant has failed to show that the remaining jurors were unfair or biased, or that he was actually prejudiced by the dismissal and replacement of this particular juror. Prejudice will not be presumed. *People v. Evans,* 674 P.2d 975 (Colo.App. 1983).

## III

Next, defendant asserts that the court erred when it withdrew sanctions entered against a prosecution witness for violation of the sequestration order. Again, we disagree.

The sanctions imposed had consisted of barring the presence of the advisory witness after he discussed testimony with the prosecutor in the presence of another witness. This testimony related to the opportunity defendant may have had to set the fire. Later in the trial, the court found the violations to be inadvertent and allowed the witness to again play his advisory role.

 If a sequestration order is violated, it is within the trial court's discretion to determine the appropriate penalty. *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970). In determining whether to impose sanctions for violation of a sequestration order, the trial court must consider, among other things, the subject matter of the violation in conjunction with the substance of the disobedient witness' testimony. *People v. P.R.G.,* 729 P.2d 380 (Colo.App.1986). Furthermore, in order to prevail, defendant must show that the witness' testimony would have been different but for the conversation which violated the court's order. *People v. Shipman,* 747 P.2d 1 (Colo.App. 1987).

 Here, the information transmitted contrary to the order could have been presented to the witness during his testimony in the form of hypothetical questions. *See Padilla v. Warren,* 44 Colo.App. 189, 610 P.2d 1352 (1980). In addition, an inaccuracy in the information transmitted resulted in the impeachment of the witness on cross-examination. Therefore, we con-

clude not only that the trial court did not abuse its discretion but also that its ruling was not prejudicial to defendant. *See People v. Watkins,* 191 Colo. 440, 553 P.2d 819 (1976); *see also People v. Wright,* 678 P.2d 1072 (Colo.App.1984).

### IV

 Finally, defendant asserts that there is insufficient evidence to sustain his conviction. We disagree. *See People v. Elkhatib,* 632 P.2d 275 (Colo.1981).

Here, in determining whether to submit the case to the jury, the trial court properly gave the prosecution the benefit of reasonable inferences which may be drawn from the evidence. *See People v. Gonzales,* 666 P.2d 123 (Colo.1983). Although there was conflicting testimony as to the origin of the fire, the determination of the credibility of witnesses is a function of the jury. *People v. Franklin,* 645 P.2d 1 (Colo.1982). Also, contrary to defendant's argument, circumstantial evidence is afforded the same status as direct evidence. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Accordingly, the judgment of conviction is affirmed.

BABCOCK and PLANK, JJ., concur.