The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael Jerome ANDERSON, Defendant–Appellant.

No. 05CA0426.

Colorado Court of Appeals, Div. I.

Dec. 13, 2007.

Certiorari Denied May 27, 2008.

John W. Suthers, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Douglas K. Wilson, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge ROY.

Defendant, Michael Jerome Anderson, appeals the judgment of conviction entered upon a jury verdict finding him guilty of four counts of sexual assault on a child as a pattern of abuse, four counts of sexual assault on a child by one in a position of trust, and a mandatory sentencing enhancer for bodily injury during a sexual offense. He also appeals the enhanced sentence. We affirm.

A thirteen-year-old boy (the victim) reported to the police that he had been orally and anally sexually assaulted by defendant, who was living with the victim and the victim's mother and sister. The victim described to the responding officer five separate incidents of sexual abuse beginning in the prior year. The officer then took the victim to a hospital for an examination.

At the hospital, the victim informed a doctor that he had been molested by defendant ten or eleven times. An examination of the victim revealed scarring on the victim's anus which could have been caused by a sexual assault, but for which there were also other possible causes. After his examination, the victim described two of the incidents of sexual abuse in some detail to a second officer. The victim later received a second physical examination, which also revealed scarring consistent with, among other things, sexual abuse.

Defendant was charged with four counts of sexual assault on a child-pattern, sections 18–3–405(1), (2)(d), C.R.S.2007; four counts of sexual assault-position of trust, section 18–3–405.3, C.R.S.2007; three counts of second degree sexual assault, Ch. 127, sec. 1, § 18–3–403(1)(e), 1988 Colo. Sess. Laws 725 (now codified as section 18–3–402(1)(e), C.R.S. 2007); and a mandatory sentencing enhancer for a crime of violence-bodily injury during a sexual offense applicable to all the sexual assault counts, Ch. 287, sec. 3, § 16–11–309(2)(a)–(b), 1994 Colo. Sess. Laws 1715–16 (now codified as section 18–1.3–406(2)(a)–(b), C.R.S.2007). All the offenses were alleged to have occurred between January 1, 1998 and February 17, 1999. Prior to trial, the prosecution dismissed the three counts of second

degree sexual assault, and the jury returned verdicts of guilty on the remaining counts.

Defendant was sentenced to consecutive ten-year sentences to the Department of Corrections (DOC) on three counts of sexual assault on a child-pattern of abuse, each sentence concurrent with the corresponding ten-year sentences for three counts of sexual assault on a child-position of trust. In addition, defendant was sentenced to eight years to life on the fourth count of sexual assault on a child-pattern of abuse, to be served consecutively to the sentences for the other pattern of abuse counts and concurrently with the sentence of eight years to life for the corresponding count of sexual assault on a child-position of trust. Thus, the total sentence is thirty-eight years to life in the DOC with mandatory parole.

### I.

■ Defendant argues that the trial court erred in excusing a seated juror from service and replacing her with an alternate outside the presence of, and without notice to, defendant or his counsel. We disagree.

On the second day of trial the court received a telephone call from a distraught member of the jury who reported that her son had just been removed from her home in handcuffs. The juror requested to be relieved of her duties. The trial court summarily granted the request outside the presence of, and without notice to, defendant or his counsel.

The trial court later informed both counsel that the juror had been excused, at which time defense counsel was given an opportunity to object or to make a further record on the matter. Defense counsel declined to do so. The court then informed both counsel that an alternate juror, who had been passed for cause and not otherwise challenged, would serve in place of the excused juror.

On appeal, defendant does not argue that the trial court lacked the authority to excuse the juror. *See People v. Abbott,* 690 P.2d 1263, 1268 (Colo.1984) (excusing a juror whose wife had been admitted to the hospital and substituting an alternate juror is within discretion of the trial court); *People v. John-*

*son,* 757 P.2d 1098, 1100 (Colo.App.1988) (appointment of an alternate juror to replace a sitting juror who has become disqualified is within the sound discretion of the trial court). Instead, he argues that he and his counsel should have been present and participated in the decision before it was made.

■ While the selection of a jury is a critical stage of the proceeding at which a defendant or his counsel has a right to be present, *People v. Cohn,* 160 P.3d 336, 342 (Colo.App.2007), replacing a juror with an alternate is more in the nature of an administrative task. *Olszewski v. Spencer,* 369 F.Supp.2d 113, 143–44 (D.Mass.2005), *aff'd,* 466 F.3d 47 (1st Cir.2006). Therefore, failure to afford a defendant the opportunity to be present and heard before a juror is excused is not a ground for reversal without a showing of prejudice. *United States v. Patterson,* 819 F.2d 1495, 1507 (9th Cir.1987); *see also* 2 Charles Alan Wright, *Federal Practice and Procedure: Criminal* § 388, at 574 (3d ed.2000) (the substitution of an alternate juror for a sitting juror for reasonable cause is within the prerogative of the trial court, is discretionary, and does not require the consent of any party).

Because defendant has not asserted any prejudice, we conclude that there was no error by the trial court.

### II.

■ Defendant next argues that the trial court erred in failing to declare a mistrial, sua sponte, when a caseworker improperly testified that she believed the victim's allegations were true. We disagree.

■ An expert witness may not give opinion testimony as to the truth of a child victim's testimony or statement on a specific occasion. *People v. Koon,* 713 P.2d 410, 412 (Colo.App.1985).

On redirect examination, the prosecutor asked the caseworker whether the victim and his sister were removed from the home because defendant was still in the home or for some other reason. The witness replied, "The children were removed because I ... believed [the victim's] disclosure and because

[the mother] was not protecting the children and [defendant] remained." After the witness was excused, the prosecutor made a record that she thought the statement was improper, but that she had not intended to elicit it. The court agreed and said that it was likewise concerned after hearing the statement. Following a discussion between the court and counsel, defense counsel requested that the jurors be instructed to disregard the improper testimony and that whether they believed the victim was for them to decide. The trial court did so.

Defendant did not object to the testimony. Consequently, we review for plain error. Crim. P. 52(b); *People v. Kruse*, 839 P.2d 1, 3 (Colo.1992). "Plain error ... is error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *People v. O'Connell*, 134 P.3d 460, 464 (Colo.App.2005). In addition, the error must "so undermine[ ] the fundamental fairness of the proceeding as to cast serious doubt on the reliability of the judgment" of conviction. *People v. Sepulveda*, 65 P.3d 1002, 1006 (Colo.2003).

While the evidence of guilt was not overwhelming, we cannot say that the improper statement so undermined the fundamental fairness of the trial as to cast doubt on the verdict, and therefore it was not plain error.

■ A curative instruction is generally sufficient to overcome an evidentiary error and is insufficient only when the evidence is so prejudicial that, but for its exposure, the jury might not have found the defendant guilty. *People v. Gillispie*, 767 P.2d 778, 780 (Colo.App.1988). We presume that juries understand and heed jury instructions, including curative instructions. *People v. Dunlap*, 975 P.2d 723, 744 (Colo.1999).

Here, the jury heard testimony from two officers to whom the victim had described the sexual assault, and two physicians who stated that the victim had injuries that were consistent with sexual abuse. The victim testified, thus allowing the jury to evaluate his credibility firsthand. And the jury was shown a video taken of the victim being interviewed regarding the sexual assaults. Therefore, in our view, the curative instruction was sufficient, and we cannot say on this record that the expert's testimony cast serious doubt on the reliability of the conviction.

## III.

■ Next, defendant asserts that he was sentenced erroneously based on the crime of violence-bodily injury aggravator on one of the charged incidents where there was no evidence of bodily injury. We conclude there is no prejudice.

Defendant was charged with four separate incidents of sexual assault. Each incident was charged as a pattern of sexual assault and sexual assault on a child by one in a position of trust. For each count, the jury completed an interrogatory and found unanimously, beyond a reasonable doubt, that defendant caused bodily injury in each of the four incidents. Defendant argues that only three of the incidents involved anal intercourse, a fourth involved only oral intercourse, and, therefore, there was no evidence to support the jury's finding of injury as to that incident.

Sexual assault on a child is a class 4 felony, and the presumptive sentencing range is two to six years in the DOC, with three years of mandatory parole. §§ 18–1.3–401(1)(a)(V)(A), 18–3–405(2), C.R.S.2007. However, it is a class 3 felony and a crime of violence if it is committed as a part of a pattern of sexual abuse, in which event, the sentencing range increases to four to twelve years in the DOC and five years of mandatory parole. Further, as the offense is a per se crime of violence, the sentencing range is eight to twenty-four years in the DOC with five years of mandatory parole. §§ 18–1.3–406, 18–3–405(2)(d), (3), C.R.S.2007.

Sexual assault on a child by a person in a position of trust is a class 3 felony when, as here, the victim is less than fifteen years of age, and, again, the sentencing range for a class 3 felony is four to twelve years in the DOC with five years of mandatory parole. §§ 18–1.3–401(1)(a)(V)(A), 18–3–405.3(2)(a), C.R.S.2007. However, by virtue of section 18–1.3–406(2)(b)(I), C.R.S.2007, it is a crime of violence, and the sentencing range increases to eight to twenty-four years with five years of mandatory parole.

The bodily injury aggravator applied only to the counts of sexual assault on a child-position of trust. The sexual assault on a child-pattern counts were aggravated because of the pattern of abuse. The trial court sentenced defendant on three of the position of trust counts to ten years in the DOC and five years of mandatory parole, which is within the presumptive range for a class 3 felony (four to twelve years). As to the fourth position of trust count and fourth pattern of sexual abuse count, the trial court sentenced defendant to terms of eight years to life in the DOC, concurrent to each other and consecutive to the other counts, which is within the presumptive range for a class 3 felony under the Colorado Sex Offender Lifetime Supervision Act (SOLSA). Ch. 303, sec. 1, § 16–13–804(1)(b), 1998 Colo. Sess. Laws 1280 (now codified with amendments at section 18–1.3–1004(1)(b), C.R.S.2007). The sentences of eight years to life on the fourth pattern of abuse count and fourth position of trust count are necessarily predicated on a finding supported in the record that the fourth incident occurred after SOLSA became effective on November 1, 1998, which is within the dates charged (January 1, 1998 and February 17, 1999). *See* Ch. 303, sec. 20, 1998 Colo. Sess. Laws 1296 (effective date).

Therefore, all the sentences are within the presumptive range without regard to the crime of violence-bodily injury aggravator, and defendant was not prejudiced by the jury's finding that the victim suffered bodily injury as to each count.

The judgment and sentence are affirmed.

MÁRQUEZ and FURMAN, JJ., concur.